UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § | MAGISTRATE ACTION NO. H-12-634 |
| | § § | |
| JASON DANIEL GANDY | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 USC § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case:

### Findings of Fact

[ ] A. Findings of Fact [18 USC § 3142(e), § 3142(f)(1)].

    [ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ] a crime of violence as defined in 18 USC § 3156(a)(4).

        [ ] an offense for which the maximum sentence is life imprisonment or death.

        [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 USC § 3142(f)(1) (A)-(C), or comparable state or local offenses.

    [ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X] B. Findings of Fact [18 USC § 3142(e)]

[X] (1) There is probable cause to believe that the defendant has committed an offense

[ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a) ( ) § 841 (a)(1)

[ ] under 18 USC § 924(c)

[X] involving a minor victim under 18 USC § 2423

[X] (2) The defendant has not rebutted the presumption established by finding number (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

[X] C. Findings of Fact [18 USC § 3142(f)(2)]

[X] (1)

[X] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[X] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X] D. Findings of Fact [18 USC § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3) I find that there is no condition or combination of conditions set forth in 18 USC § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ]   (4)

[X]   (5) I find that there is no condition or combination of conditions set forth in 18 USC § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

I find that the accusations in the criminal indictment, information in the Pretrial Services Agency report, and the credible testimony and information submitted at the detention hearing establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure either the appearance of the defendant or the safety of the community if the defendant is released pending trial.

I conclude that the following factors are present under 21 USC § 3142(g) and are to be taken into account:

1. The Court finds that there is credible evidence that Defendant has both the ability and the resources to flee the jurisdiction if he is released pending trial.

2. The Court finds that there is evidence that Defendant has left the country at least 45 times in the last three years to travel to foreign countries including the United Kingdom, Russia, Thailand, Japan and Mexico. As a result of these travels, there is credible evidence that Defendant has substantial business and personal connections in these foreign countries.

3. There is credible evidence that Defendant's financial resources are greater than he reported to Pretrial Services, the government or his family, and that he could use these resources to flee the jurisdiction if he so chose.

4. The Court finds that Defendant has easily portable job skills as a massage therapist. Evidence introduced shows that Defendant works all over the country and allegedly all over the world.

5. Defendant does not have sufficient economic and financial ties to the community sufficient to ensure his presence at trial if he were to be released pending trial. His car and home are paid for in full, and his only financial obligations appear to be utility payments and personal expenses.

6. Defendant's mother is deceased and he only visits with his siblings sporadically. Given the frequency and extent of his travels, the Court finds that Defendant's family ties to Houston are not sufficient to outweigh his risk of flight and to assure his presence at trial should he be released pending trial.

7. In light of the credible evidence received by the Court regarding the offenses alleged and the methods employed to carry out the alleged offenses, including the use of affidavits and deception, the Court finds that Defendant would be a serious threat to victims and witnesses and would be a threat to minors if released.

8. If convicted, Defendant faces a substantial penalty ranging from a minimum of ten years' to a life penalty incarceration.

9. The Court finds that, given the above facts, Defendant's father is not a suitable custodian or surety in this case.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

SIGNED at Houston, Texas, this 30th day of July, 2012.

GEORGE C. HANKS, JR.
UNITED STATES MAGISTRATE JUDGE