IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR. NO. H-12-00503 |
| | § | |
| JASON GANDY | § | |

**<u>OPPOSED MOTION FOR HEARING TO RECONSIDER DENIAL OF BAIL</u>**

TO THE HONORABLE CHIEF JUDGE LEE ROSENTHAL, UNITED STATES
DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON
DIVISION:

COMES NOW, Jason Gandy, by and through his attorney of record, Dustan

Neyland, and request for rehearing on a denial of bail, which was entered by the

Honorable George C. Hanks, United States Magistrate for the Southern District of

Texas. Said order was entered on July 25, 2012, committing Mr. Gandy to the

custody of the Attorney General or his designated representative and detaining him

pending trial.   There has been a change in circumstances that will allow this court

to minimize any risk of flight, on the part of the defendant, and insure that he is

present for all court proceedings as well as conditions of release to ensure the safety

of the community and the safety of the alleged victim.

1

# I.

## PROCEDURAL HISTORY OF DETENTION PROCEEDINGS

On July 25, 2012, United States Magistrate Judge George Hanks conducted a detention hearing at the government's request.   After hearing testimony and considering exhibits proffered by both sides, Judge Hanks determined that Mr. Gandy should be detained pending trial.

# II.

## BACKGROUND OF JASON GANDY

Jason Gandy has been incarcerated pending trial for over 5 years.   He is a 40 year old United States Citizen with no prior criminal history.   His father, step-mother, brother, and grandfather live in the Houston area.   His other remaining family lives in Dallas and consist of his aunt, uncle, and two cousins. Since he has been incarcerated, he has lost a grandfather and all contact with majority of his friends.   He has also lost his massage therapist license and will not be able to get it back unless he is acquitted of this offense. Furthermore, Mr. Gandy has exhausted most of his assets paying attorneys fees. His last remaining asset is a trust account with approximately $400,000, a house in Houston (subject to a forfeiture action), and two condos in Dallas.

# III.

## RISK OF FLIGHT

Magistrate Judge Hanks's Order of Detention Pending Trial ("Order") made findings that Mr. Gandy was posed a flight risk at the time because of his contacts in other areas of the world. Mr. Gandy seeks review, pursuant to the Bail Reform Act of 1984, 18 U.S.C.S. §§ 3141-50, and asks this court to find that he is no longer a flight risk and order that he be released on bond pending trial or, in the alternative, be released pursuant to conditions that would reasonably assure this court of his appearance for trial should the court find him to be a flight risk.

A judicial officer's determination of whether a defendant poses a serious flight risk is made based on the preponderance of the evidence. 18 U.S.C. § 3142(e), (f); *United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex. 2009) (citing *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985)). The district court reviews a magistrate court's release order *de novo. See, e.g., United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992), *cert. denied*, 507 U.S. 940, 113 S. Ct. 1336 (1993); *United States v. Gourley*, 936 F. Supp. 412, 415 (S.D. Tex. 1996). There is a change in circumstances that would support that Mr. Gandy is no longer a flight risk because he no longer has contacts overseas, no longer has a valid US Passport in his possession, and no longer has access to large amounts of cash. The Bail Reform Act provides that an order of detention pending trial is appropriate if "*no conditions or*

*combination of conditions* will reasonably assure the appearance of the person as required."   18 U.S.C. § 3142(e).   (Emphasis added).   It is crucial to note, however, a finding that a particular defendant may present a "flight risk" does *not* end the matter with respect to whether detention should be ordered.   In light of the fact that the Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required,"

> § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond "unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."   If the court determines that a defendant's release on an unsecured bond presents a risk of flight, the concern at issue in this case, the law *still favors pre-trial release "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required." Id.* § 3142(c)(1)(B). (Emphasis added.) Only if a detention hearing shows "that no condition or combination of conditions will reasonably assure the appearance of the person as required ... shall [the court] order the detention of the person before trial." *Id.* § 3142(e).   Under this statutory scheme, "it is only a 'limited' group of (alleged) offenders who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 195 (2nd Cir. 1987) (quoting S. Rep. No. 98-225, at 7(1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189).   *Because the law thus generally favors bail release, the government carries a **dual** burden in seeking pre-trial detention.   First it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.   See United*

4

> *States v. Berrios-Berrios,* 791 F.2d 246, 250 (2nd Cir.
> 1986). ***Assuming it satisfies this burden, the government
> must then demonstrate by a preponderance of the
> evidence that no condition or combination of conditions
> could be imposed on the defendant that would
> reasonably assure his presence in court.*** *See United
> States v. Shakur,* 817 F.2d at 195 *("The burden of proof is
> on the government to prove the absence of such conditions
> by a preponderance of the evidence."); United States v.
> Chimurenga,* 760 F.2d 400, 405 (2nd Cir. 1985).

*United States v. Sabhnani*, 493 F.3d 63, 75 (2nd Cir. 2007).   (Emphasis added).   *See also, United States v. Madoff*, 586 F.Supp.2d 240, 247-248 (S.D.N.Y. 2009) ("The Government's task is not insubstantial at this second stage.   In most cases, release is the presumptive state.[1]   *See* 18 U.S.C. §§ 3142(b) and (c).   "The court should also 'bear in mind that it is only a limited group of (alleged) offenders who should be denied bail pending trial.'"   (Citations omitted).)[2]   This traditional right to bail

---

[1] "The presumption of innocence guarantees that defendants pending trial are entitled to a concomitant presumption in favor of bail in this country."   *In the Matter of Extradition   of Nacif-Vorge*, 829 F.Supp. 1210, 1214 (D.Nev. 1993).   *See also Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951) ("This traditional right to freedom before trial permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction ... unless this right to bail before trial is preserved, the presumption of innocence secured only after centuries of struggle would lose its meaning.")

[2] Historically, "[t]he command of the Eighth Amendment that 'Excessive bail should not be required...' at the very least obligates judges passing upon the right to bail to deny such relief only for the strongest of reasons."   *Sellers v. United States*, 89 S.Ct. 36, 38, 21 L.Ed.2d 64 (1968). Doubts regarding a propriety of release "should always be resolved in favor of the defendant." *Herzog v. United States*, 75 S.Ct. 349, 351, 99 L.Ed. 1299 (1955); and *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to trial.

We submit that the court could set conditions or a combination of conditions to ensure Mr. Gandy's appearance in court and minimize risk of flight such as house arrest, electronic monitoring, and cash bail.

## IV.

## DANGER TO THE COMMUNITY

There has been a change in circumstances since Magistrate Judge Hank's Order of Detention Pending Trial ("Order") that supports that Mr. Gandy no longer poses a danger to the community supporting his detention pending trial. Accordingly, Mr. Gandy seeks review, pursuant to the Bail Reform Act of 1984, 18 U.S.C.S. §§ 3141-50.   The alleged victim in this case is now a member of the US Armed Forces and is stationed over-seas.   It would be impossible for Mr. Gandy to make personal contact with the alleged victim or try to influence him.

A judicial officer's determination of whether a defendant is a danger to the community is made based on the preponderance of the evidence. 18 U.S.C. § 3142(e).   There has been a change in circumstances that would support that there are certain enumerated conditions that will reasonably assure the safety of any other person and the community.

Mr. Gandy has never been charged with any crime of violence and has never displayed a weapon in the course of any crime that he has alleged to have committed. Even though this offense has alleged a minor victim was involved, based on the length of time since the alleged commission of the offense and that the alleged victim is not longer a minor, the facts support that there are conditions or a combination of conditions that can be set to ensure the safety of the community and the safety of the victim.

## V.

### CONFINEMENT AT FEDERAL DETENTION CENTER HOUSTON

Mr. Gandy has been incarcerated since July 20, 2012.

While confined Mr. Gandy has suffered mental breakdowns.  Mr. Gandy does not have access to adequate psychiatric care that he would have available if granted release.

## VII.

### THERE ARE CONDITIONS OR COMBINATIONS OF CONDITIONS THAT WILL GUARANTEE MR. GANDY'S PRESENCE AT TRIAL

Should this Court order Mr. Gandy's release on bail, there are numerous conditions that this Court may impose to insure that he will not pose a risk of flight

and assure the safety and security of the community as well as Mr. Gandy's appearance in court.

    a.  $300,000.00 bond secured by a 50% deposit into the court's registry;

    b.  Pretrial Service supervision with weekly or daily reporting;

    c.  Urinalysis testing for illicit substances and treatment as assessed by pretrial services;

    d.  Possess no firearms, destructive devices, or any dangerous weapon;

    e.  No contact with witnesses or family members of witnesses

    f.  Electronic GPS monitoring and home confinement;

## VIII.

## WAIVER OF EXTRADITION

Although the previously described conditions of release make it highly improbable that Mr. Gandy would attempt to flee and not appear for all forthcoming judicial proceedings in this matter, an additional condition of release could be imposed by this Court by requiring Mr. Gandy to execute a non-revocable waiver of extradition.

## <u>CONCLUSION</u>

Unless he is permitted to truly and meaningfully assist his counsel (and have his counsel effectively assist him) in the preparation of the defense, unless he is allowed to have real access to the discovery in this case, and in turn, allowed to assist his counsel in understanding the significance of the same, and unless he is able to adequately consult with experts, advisors, and investigators in the preparation of the defense, he will not be able to otherwise obtain in a court of law the due process to which he is constitutionally guaranteed.

These goals are not mutually exclusive.   Mr. Gandy can be released from pre-trial incarceration pursuant to strict conditions of release, as outlined above, that will not only severely restrict his movement and freedom and reasonably assure his appearance at trial, and assure the safety of the alleged victim and the community, but at the same time, permit him to actually participate in his defense.   Due to the nature of the instant prosecution and the corresponding demands on defense counsel to present the most compelling and effective defense that the facts and the law support, the goals of the Bail Reform Act and the constitutional guarantees of effective assistance of counsel, right to a speedy trial, and the right to put on a defense can all be realized.

Respectfully submitted,

/s/ Dustan Neyland
DUSTAN NEYLAND
TBA NO. 24058019
900 ROCKMEAD, SUITE 132
KINGWOOD, TEXAS 77002

ATTORNEY FOR DEFENDANT,
JASON GANDY

## CERTIFICATE OF CONFERENCE

On November 13, 2017, counsel for Defendant conferred with AUSA Sheri Zack

concerning her position on Defendant's Motion for Revocation of Detention Order and was

informed that she is opposed to the motion.

/s/ Dustan Neyland

_____
DUSTAN NEYLAND

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2017, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to

AUSA Sheri Zack.

/s/ Dustan Neyland

_____
DUSTAN NEYLAND