IN THE UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:12-CR-00503 |
| | ) | |
| v. | ) | |
| | ) | |
| **JASON DANIEL GANDY,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR DISCLOSURE AND LIMINE PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 404(B) WITH LEGAL AUTHORITIES IN SUPPORT**

TO THE HONORABLE LEE ROSENTHAL, CHIEF DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS:

The Defendant, JASON DANIEL GANDY, in the above-styled and numbered cause, by and through the undersigned counsel, and pursuant to Rules 103(c), 104 and 404(b), Federal Rules of Evidence with Legal Authorities in Support, and requests that with regard to any evidence of extrinsic or extraneous offenses, uncharged criminal conduct, unalleged overt acts, or specific acts of misconduct alleged committed by Defendant, the Court take the following actions:

1. Instruct the attorneys for the government, and all of the government's witnesses not to testify, refer, mention or in any way allude to specific acts of misconduct, uncharged criminal conduct, or extraneous offenses or unalleged overt acts committed by the accused until the Court has ruled upon their admissibility.

2. Pursuant to Fed R. Evid. 404(b), require the government to serve notice to the Court and Defendant's counsel at a pretrial hearing regarding any specific acts of misconduct, uncharged

criminal conduct, or evidence of extraneous offenses or unalleged overt acts which the government seeks to introduce at trial. Such notice should include: the nature of the act, the name of the complainant, the date of the act, and any evidence it intends to introduce to establish that the act was in fact committed and that it was in fact committed by Defendant. In addition, the Government should specify the purpose for which the evidence is being presented; i.e., as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.

3. Conduct a full, complete, and independent examination in an adversary hearing, outside the presence of the jury, of the government's proffered evidence of purported extraneous acts and specific acts of misconduct to determine whether such evidence meets the following standards for admissibility:

a. There is a disputed material issue to which the proffered evidence is relevant.

b. The elements of the purported extraneous offenses or unalleged criminal conduct or overt acts are supported by enough evidence that the jury could reasonably conclude that the act had occurred and that Defendant was the actor. Huddleston v. United States, 485 U.S. 681 (1988). (Government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.")

c. That the probative value of such purported extraneous offenses or unalleged criminal conduct or unalleged overt acts is not outweighed by the prejudicial effect of the evidence. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978), cert. Denied, 440 U.S. 920 (1979).

4. In the event the Court permits the introduction of said testimony for a limited and restrictive purpose, Defendant requests the Court instruct the jury that such evidence is admitted only for the said limited or restricted purpose and such evidence may only be considered for the purpose for which it was admitted.

5.  Prohibit the Government from introducing evidence of specific acts of misconduct, uncharged criminal conduct, or extraneous offenses or unalleged overt acts for which the government has not given proper notice to Defendant and upon which the Court has not entered a ruling as to the admissibility as requested herein.

6.  There are four requirements that serve to protect a defendant from the unfair prejudice that may arise from the admission of other crimes evidence. They are: (1) Rule 402's relevance requirement; (2) Rule 404(b)'s requirement that the evidence be offered for a "proper purpose;" (3) Rule 403's requirement that the court determine that the probative value of the evidence is not outweighed by its potential for unfair prejudice; and (4) Rule 105's requirement that upon request, the trial court must give a limiting instruction on the purpose for which the evidence is admitted. Huddleston v. United States, 108 S.Ct. At 1502. Each of the factors set forth above must be considered every time the government seeks to introduce evidence of other alleged crimes. In addressing these factors the court must only consider admissible evidence in determining whether a foundation has been established for the introduction of the other alleged crimes. The test under Rule 104(b) is whether there is enough evidence for a reasonable jury to find the preliminary facts by a preponderance of the evidence. United States v. Anderson, 933 F.2d 1261, 1271 (5th Cir. 1991). This implies that evidence must satisfy both the requirements for admissibility as well as Rule 602's personal knowledge requirement.

7.  It is important that the Court carefully scrutinize all aspects of the Government's proffered testimony. Although it has been suggested that a motion to strike at the close of trial may eliminate any improper extraneous matters, the Government is well aware that any exposure to the jury can cause irreparable harm.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Honorable Court enter an order granting this motion, and for such other relief as this Court may deem necessary and equitable.

Respectfully submitted,

GRECO ♦ NEYLAND, PC

/s/ Dustan Neyland
DUSTAN NEYLAND
TBA NO. 24058019
701 N. POST OAK RD., SUITE 421
HOUSTON, TEXAS 77024
Tel: 713-972-1100
Fax: 713-972-1102

## CERTIFICATE OF CONFERENCE

On January 3, 2018, counsel for Defendant conferred with AUSA Sherri Zack concerning her position regarding the above motion, and she has advised me that he will respond and state hier position with respect to this motion by filing responsive pleading.

/s/ Dustan Neyland
DUSTAN NEYLAND

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to AUSA Sherri Zack .

/s/ Dustan Neyland
DUSTAN NEYLAND