UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

FEB 15 2018

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § § § § | |
|---|---|---|
| vs. | § | CRIMINAL NO. 12-503SS |
| | § § § | |
| JASON DANIEL GANDY | § § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

    "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
        (A)    the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct;

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2), as any:

    "actual or simulated -

     (i)    sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
     (ii)    bestiality; [or]
     (iii)   masturbation; [or]
     (iv)   sadistic or masochistic abuse; or
     (v)    [the] lascivious exhibition of the genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and

1030(e)(1), as any:

"electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or
communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "producing" is defined, pursuant to Title 18, United States Code, Section 2256(3), as:
"producing, directing, manufacturing, issuing, publishing or advertising," and includes downloading images from another source, buy using materials, including a computer or parts thereof.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section

2256(5), as including, but is not limited to, any:

"undeveloped film and videotape, and data stored on computer disk or by electronic

means which is capable of conversion into a visual image."

## COUNT ONE
### Transportation of Minors

On or about July 19, 2012, in the Southern District of Texas and elsewhere,

**JASON DANIEL GANDY,**

defendant herein, knowingly transported Minor Victim # 1, who had not attained the age of 18

2

years, in interstate commerce and foreign commerce, from the State of Texas to the United Kingdom, with the intent that Minor Victim #1 engage in prostitution and other sexual activity for which any person could be charged with a criminal offense.

**In violation of Title 18, United States Code, Sections 2423(a).**

## COUNT TWO
### Sexual Exploitation of Children

On or between April 1, 2012 and July 18, 2012, within the Southern District of Texas,

**JASON DANIEL GANDY,**

defendant herein, did attempt to and did employ, use, persuade, induce, entice and coerce a minor, namely Minor Victim # 1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

## COUNT THREE
### Transportation of Child Pornography

On or about July 19, 2012, in the Southern District of Texas and elsewhere,

**JASON DANIEL GANDY,**

defendant herein, knowingly transported any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(1) and (b).

## COUNT FOUR
### Sex Trafficking of Minors

From on or about April 1, 2012, through July 19, 2012, in the Southern District of Texas and elsewhere,

**JASON GANDY,**

defendants herein, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, namely a minor male known as Minor Victim #1, who had attained the age of 14, but was under 18, knowing and in reckless disregard of the fact that Minor Victim #1 had not attained that age of 18 years and would be caused to engage in a commercial sex act, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, and soliciting by any means Minor Victim #1 knowing and in reckless disregard of the fact that Minor Victim #1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Section 1591(a), (b) and 2.

## COUNT FIVE
### Sex Trafficking of Minors

From on or about November 1, 2006, through December 27, 2006, in the Southern District of Texas and elsewhere,

4

**JASON GANDY,**

defendants herein, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, namely a minor male known as Minor Victim #2, who had attained the age of 14, but was under 18, knowing and in reckless disregard of the fact that Minor Victim #2 had not attained that age of 18 years and would be caused to engage in a commercial sex act, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing and soliciting by any means Minor Victim #2 knowing and in reckless disregard of the fact that Minor Victim #2 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**In violation of Title 18, United States Code, Section 1591(a), (b) and 2.**

## COUNT SIX
### Sex Trafficking of Minors

From on or about June 1, 2005, through August 31, 2005, in the Southern District of Texas and elsewhere,

**JASON GANDY,**

defendants herein, in and affecting interstate commerce, attempted to knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, namely a minor male known as Minor Victim #3, who had attained the age of 14, but was under 18, knowing and in reckless disregard of the fact that Minor Victim #3 had not attained that age of 18 years and would be caused to engage in a commercial sex act, and

5

attempted to benefitt financially and by receiving anything of value from participation in a venture which attempted to engage in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, and soliciting by any means Minor Victim #3 knowing and in reckless disregard of the fact that Minor Victim #3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**In violation of Title 18, United States Code, Section 1591(a), (b) and 2.**

## COUNT SEVEN
### Sex Trafficking of Minors

From on or about August 1, 2007, through November 31, 2007, in the Southern District of Texas and elsewhere,

**JASON GANDY,**

defendants herein, in and affecting interstate commerce, attempted to knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, namely a minor male known as Minor Victim #4, who had attained the age of 14, but was under 18, knowing and in reckless disregard of the fact that Minor Victim #4 had not attained that age of 18 years and would be caused to engage in a commercial sex act, and attempted to benefit financially and by receiving anything of value from participation in a venture which attempted to engage in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, and soliciting by any means Minor Victim #4 knowing and in reckless disregard of the fact that Minor Victim #4 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**In violation of Title 18, United States Code, Section 1591(a), (b) and 2.**

## NOTICE OF FORFEITURE
## 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Counts One through Seven of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Seven; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Seven, or any property traceable to such property.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 1594(d)

Pursuant to Title 18, United States Code, Section 1594(d)(1) and (2), the United States gives the defendant notice that in the event of conviction for the offenses charged in Counts Four through Seven of the Indictment, the United States will seek to forfeit all property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property, and all property, real or personal, constituting or derived from, any proceeds that the Defendant obtained, directly or indirectly, as a result of such offenses, or any property traceable to such property.

### Property Subject to Forfeiture:

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following property:

    (1)    the real property, improvements and appurtenances located at Truxillo Street and Dowling Street, Houston, Texas, (Gandy's Residence) and is legally described as: Lot Eleven (11), in Block Five (5) of Washington Terrace, a subdivision in

Harris County, Texas, according to the map or plat thereof recorded in Volume 557, Page 68 of the Deed Records of Harris County, Texas;

(2) 2005 C5500 Chevrolet Recreational Vehicle, vehicle identification number: 1GBE5U1E15F505062;

(3) one Acer Aspire laptop;

(4) one Motorola DroidX cell phone; and

(5) one Maxtor hard drive.

A True Bill:

Original Signature on File
―――――――――――――――――――
Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

By: *[signature]*
Sherri L. Zack
Assistant United States Attorney
713-567-9374