IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 4:12-cr-503 |
| | § | (Hon. Lee H. Rosenthal) |
| JASON DANIEL GANDY | § | |

**MOTION TO DISMISS COUNT ONE**
**FOR LACK OF A SPEEDY TRIAL**

COMES NOW JASON DANIEL GANDY, DEFENDANT, through counsel Sean Buckley, and files this Motion to Dismiss Count One for Lack of a Speedy Trial, showing the Honorable Court as follows:

**1.  Defendant has been indicted in this case three times over the course of nearly 6 years.**

Defendant was first indicted in this case on August 25, 2012 for a single count (Count One) of violating 18 U.S.C. §2423(a).

Approximately two years later, on September 17, 2014 the Grand Jury issued a Superseding Indictment that included Count One and added two additional counts. Count Two of the Superseding Indictment charged Defendant with violating 18 U.S.C. §2251(a) and (e), and Count Three charged him with violating 18 U.S.C. §2252(A)(a)(1) and (b).

Then, nearly three-and-a-half years after the First Superseding Indictment and approximately five-and-a-half years after Defendant was first indicted, the Grand Jury on February 15, 2018 issued a Second Superseding Indictment charging Defendant with

1

Counts One, Two, and Three, *supra*, as well as four additional counts (Counts Four through Seven) charging violations of 18 U.S.C. §1591(a),(b), and 2.

All counts among the three sequential indictments relate to the same subject matter—sexual exploitation of minors—and appear to stem from the same investigation into Defendant.

Defendant herein moves to dismiss Count One on the grounds of unconstitutional delay and violation of his right to a speedy trial.

**2.    The *Barker v. Wingo* Analysis.**

The Supreme Court has set forth four factors to resolve speedy trial claims: (1) the length of the delay, (2) the reason for the delay, (3) the assertion of the right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

<u>Length of the Delay.</u>

The length of delay serves as a triggering mechanism for consideration of the other factors. *Barker*, 407 U.S. at 530. When the length of the delay[1] reaches a threshold level regarded as "presumptively prejudicial," the court must make findings regarding the remaining three factors and balance all accordingly. *Barker* at 350. The Fifth Circuit generally requires a delay of one year to trigger speedy trial analysis. *Nelson v. Hargett*, 989 F. 2d 847, 851 (5th Cir. 1993). The Supreme Court has characterized a delay of 8 ½

---

[1] The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first. *Dillingham v. United States*, 423 U.S. 64, 96 S. Ct. 303, 46 L. Ed. 2d 205 (1975), *Robinson v. Whitley*, 2 F.3d at 568.

2

years as "extraordinary." *Doggett v. United States*, 505 U.S. 647, 652 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). A delay of 5 years is sufficient to establish presumed prejudice in the Fifth Circuit. *United States v. Frye,* 489 F.3d 201, 210 (5th Cir. 2007).

In this case, there is a 6-year delay between the time of arraignment and trial. This delay far exceeds the one-year threshold level to trigger a *Barker v. Wingo* speedy trial analysis. The Court should weigh this *Barker v. Wingo* factor <u>against the Government</u>.

<u>Reasons for the Delay.</u>

When considering the reasons for delay, the Court must weigh the defendant's conduct against that of the Government. *Barker*, 407 U.S. at 527, 530. In this case, a number of delays and their underlying reasons are reflected on the Docket Sheet:

| | |
|---|---|
| 07/23/12 – 10/15/12 | Delay from arraignment on Indictment to first scheduled trial; |
| 10/15/12 – 01/14/13 | Delay to provide defense counsel time to review discovery; [DKT. 21, 22] |
| 01/14/13 – 04/29/13 | Delay from scheduling conflicts of new defense counsel; [DKT. 28, 30] |
| 04/29/13 – 09/30/13 | Delay for new counsel to complete review of new discovery; [DKT. 40, 41] |
| 09/30/13 – 01/06/14 | Delay to accommodate efforts to resolve case; [DKT. 43, 44] |
| 01/06/14 – 04/07/14 | Delay to accommodate efforts to resolve case; [DKT. 47, 48] |
| 04/07/14 – 05/29/14 | Delay to accommodate SS Indictment and plea agreement; [DKT. 47, 48] |
| 05/29/14 – 01/20/15 | Delay to accommodate efforts to resolve case through plea; [DKT. 51, 52, 53, 54, 57, 58] |

| | |
|---|---|
| 01/20/15 – 04/27/15 | Delay to accommodate psych. evaluation and SS indictment; [DKT. 60, 65, 66] |
| 04/27/15 – 10/10/17 | Delay to accommodate defendant's mental health treatment; [DKT. 70, 71, 73, 77, 80, 87, 90, 99] |
| 10/10/17 – 01/29/18 | Delay to accommodate new def. counsel and natural disaster; [DKT. 100, 101] |
| 01/29/18 – 07/16/18 | Delay to accommodate SS Indictment and further discovery. [DKT. 115, 123] |

The reasons for the delay include changes in defense counsel, mental health evaluation and treatment for Defendant, additional discovery disclosures, attempts to settle the case, and most importantly, two additional superseding indictments. Thus, a mixture of causes is present during the six-year post-indictment delay period from July 23, 2012 to July 16, 2018 as to Count One. The Court should weigh this *Barker v. Wingo* factor neutrally—neither against Defendant nor against the Government.

Assertion of the Right.

Society has an interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest. *Barker* at 527. For this reason, the Supreme Court has rejected any rule requiring defendants to demand speedy trials or forever waive their speedy trial rights, instead adopting the rule that a defendant's conduct with regard to asserting a speedy trial or not is just one of the factors to be considered in an inquiry into deprivation of the right. *Id.* at 528.

4

The docket record reflects that Defendant has not actively asserted his Speedy Trial rights. While this factor is not dispositive, *Id.* at 527, Defendant acknowledges that the Court should not weigh this *Barker v. Wingo* factor against the Government.

Prejudice.

Prejudice is assessed in light of the interests of the defendant. *Barker*, 407 U.S. at 532. The most serious interest here is to limit the possibility that the defense will be impaired. *Id.* at 532. This is because the inability of a defendant to adequately prepare his defense skews the fairness of the entire system. *Id.* at 532; Affirmative proof of particularized prejudice is not essential to every speedy trial claim, because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or for that matter, identify." *Doggett*, 505 U.S. 647, 655.

Moreover, in the Fifth Circuit, prejudice is generally presumed when post-indictment delay lasts at least five years. *United States v. Frye,* 489 F.3d 201, 210 (5th Cir. 2007). Since the delay as to Count One is nearly six years, the Court should weigh this *Barker v. Wingo* factor <u>against the Government</u>.

**2. The *Barker v. Wingo* analysis weighs in favor of dismissal as to Count One.**

The Court should weigh the *Barker v. Wingo* factors as follows:

| | |
|---|---|
| "Length of Delay" | Weighed <u>against the Government</u> |
| "Reasons for the Delay" | Weighed <u>neutrally</u> |
| "Assertion of the Right" | Weighed <u>in favor of the Government</u> |
| "Prejudice" | Weighed <u>against the Government</u> |

In sum, this application of *Barker v. Wingo* as to Count One weighs in favor of dismissal for violation of Defendant's right to a speedy trial. Two factors ("length of delay" and

"prejudie") weigh against the Government, one factor ("reasons for the delay") weighs neutrally, and only a single factor ("assertion of the right") weighs in favor of the Government.

### 3. Relief requested.

Defendant moves to dismiss Count One for violation of his right to a speedy trial. Defendant requests a hearing on this motion.

Respectfully submitted,

/s/ Sean Buckley
Sean Buckley
State Bar No. 24006675
770 South Post Oak Lane, Ste. 620
Houston, Texas 77056
TEL: 713-380-1220
FAX: 713-552-0746
Email: buckleyfirm@gmail.com

**Certificate of Conference**

I certify that I discussed this motion with Assistant United States Attorney Sherri Zack on this the 17th day of June, 2018, and she indicated that the Government is OPPOSED.

/s/ Sean Buckley
Sean Buckley

**Certificate of Service**

I certify that I provided a copy of this Motion to Dismiss Indictment for Lack of a Speedy Trial to Assistant United States Attorney Sherri Zack and all parties via the ECF system on this the 17th day of June, 2018.

/s/ Sean Buckley
Sean Buckley