IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 4:12-cr-503 |
| | § | (Hon. Lee H. Rosenthal) |
| JASON DANIEL GANDY | § | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
**(SUBSTANTIVE OFFENSES)**

COMES NOW JASON GANDY, DEFENDANT, through counsel Sean Buckley, and

respectfully submits the following Defendant's Proposed Jury Instructions:

**COUNT 1**

(Modified from the 11th Cir. Pattern Jury Instructions)

**Transportation with Intent to Engage in**
**Criminal Sexual Activity**
**18 U.S.C. § 2423(a)**

Count One charges Mr. Gandy with Transportation with Intent to Engage in

Criminal Sexual Activity.  For you to find Mr. Gandy guilty of this crime, you must be

convinced that the prosecution has proved each and every one of the following beyond a

reasonable doubt:

(1)   Mr. Gandy knowingly transported K.V., named in the Indictment as
"Minor Victim #1" in interstate or foreign commerce on or about July
19, 2012;

(2) at the time of the transportation, K.V. was younger than 18 years old; and

(3) at the time of the transportation, Defendant intended that K.V. would
engage in prostitution or other unlawful sexual activity.

1

It is not necessary for the Government to prove anyone actually engaged in illegal sexual activity after being transported across state lines or U.S. borders. The Government must prove beyond a reasonable doubt that a person under 18 years old was knowingly transported across state lines or U.S. borders by the Defendant and that the Defendant intended at the time for the person under 18 to engage in prostitution or other illegal sexual activity.

The Government must prove that if the intended sexual activity had occurred, Mr. Gandy or one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of The United Kingdom.

As used in this instruction, the term "prostitution" means engaging in or agreeing or offering to engage in any lewd act with or for another person in exchange for money or other consideration.

To "transport in interstate commerce" means to move or carry someone, or cause someone to be moved or carried, from one state to another. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary to show that the Defendant knew that state lines were being crossed, but the Government must prove that state lines were crossed.

To "transport in foreign commerce" means to move or carry someone, or cause someone to be moved or carried, from the United States to another country.  It is not necessary to show that the Defendant knew that the U.S. border was being crossed, but the Government must prove that the U.S. border was being crossed.

## COUNT 2

(Modified from the Fifth Circuit Pattern Jury Instructions §2.84)

### Sexual Exploitation of Children— Producing Child Pornography
### 18 U.S.C. § 2251(a)

Count Two charges Mr. Gandy with Production of Child Pornography, or in the alternative,

Attempted Production of Child Pornography.

For you to find Mr. Gandy guilty of the offense of Production of Child Pornography

charged in Count Two, you must be convinced that the Government has proved each of the

following beyond a reasonable doubt:

(1)    Mr. Gandy employed, used, persuaded, induced, enticed, or coerced K.V., a
minor, to engage in sexually explicit conduct on or between April 1, 2012
and July 18, 2012;

(2)    Mr. Gandy acted with the purpose of producing a visual depiction of such
conduct;

(3)    the visual depiction was produced using materials that had been mailed,
shipped, or otherwise transported in or affecting interstate or foreign
commerce; and

(4)    the visual depiction was transmitted using any means and facility of interstate
commerce, including by computer or the Internet, and Mr. Gandy knew it
was transmitted.

If you do not find each and every one of these elements beyond a reasonable doubt,

you must acquit Mr. Gandy of the offense of Production of Child Pornography.  You may

then consider whether Mr. Gandy committed the offense of Attempted Production of Child

Pornography as alternatively alleged in Count Two.

For you to find Mr. Gandy guilty of Attempted Production of Child Pornography, you must be convinced that the Government has proved each and every one of the following beyond a reasonable doubt:

(1)     Mr. Gandy intended to commit the offense of Production of Child Pornography; and

(2)     on or between April 1, 2012 and July 18, 2012, Mr. Gandy did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates his criminal intent and amounts to more than mere preparation.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "minor" means any person under the age of eighteen years.

The term "Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual

depiction is on the minor's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## COUNT 3

(Modified from the Fifth Circuit Pattern Jury Instructions §2.85C)

**Sexual Exploitation of Children—
Transporting or Shipping of Child Pornography
(Visual Depiction of Actual Minor) 18 U.S.C. § 2252A(a)(1) and (b)**

Count Three charges Mr. Gandy with Transporting or Shipping of Child Pornography. For you to find Mr. Gandy guilty of this offense, you must be convinced that the prosecution has proved each and every one of the following beyond a reasonable doubt:

    (1)      Mr. Gandy knowingly transported an item or items of child pornography on or about July 19, 2012 as alleged in the indictment, by any means or facility in or affecting interstate or foreign commerce; and

    (2)      when Mr. Gandy transported the item or items, he knew they were child pornography.

## COUNT 4

(Modified from the Fifth Circuit Pattern Instructions §2.68)

### Sex Trafficking of Minors
### 18 U.S.C. § 1591(a)(1)

Count Four charges Mr. Gandy with Sex Trafficking of Minors. For you to find Mr. Gandy guilty of Sex Trafficking as charged in Count Four, you must be convinced that the prosecution has proved each and every one of the following beyond a reasonable doubt:

    (1)      Mr. Gandy, from on or about April 1, 2012 through July 19, 2012, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means K.V., named in the indictment as "Minor Victim #1";

    (2)      Mr. Gandy committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud coercion, or any combination of such means, would be used to cause K.V. to engage in a commercial sex act;

    (3)      At the time, K.V. had attained the age of 14 years but had not attained the age of 18 years; and

    (4)      Mr. Gandy's acts were in or affected interstate commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

6

In determining whether the defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

"Coercion" means:

(A) threats of serious harm to or physical restraint against any person;

(B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C) the abuse or threatened abuse of law or the legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

## COUNT 5

(Modified from the Fifth Circuit Pattern Instructions §2.68)

### Sex Trafficking of Minors
### 18 U.S.C. § 1591(a)(1)

Count Five charges Mr. Gandy with Sex Trafficking of Minors. For you to find Mr. Gandy guilty of Sex Trafficking as charged in Count Five, you must be convinced that the prosecution has proved each and every one of the following beyond a reasonable doubt:

(1)     Mr. Gandy, from on or about November 1, 2006 through December 27, 2006, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means D.V., named in the indictment as "Minor Victim #2";

(2)     Mr. Gandy committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud coercion, or any combination of such means, would be used to cause D.V. to engage in a commercial sex act;

(3)     At the time, D.V. had attained the age of 14 years but had not attained the age of 18 years; and

(4)     Mr. Gandy's acts were in or affected interstate commerce.

## COUNT 6

(Modified from the Fifth Circuit Pattern Instructions §2.68)

### Sex Trafficking of Minors
### 18 U.S.C. § 1591(a)(1)

Count Six charges Mr. Gandy with Sex Trafficking of Minors. For you to find Mr. Gandy guilty of Sex Trafficking as charged in Count Six, you must be convinced that the prosecution has proved each and every one of the following beyond a reasonable doubt:

(1)     Mr. Gandy, from on or about June 1, 2005 through August 31, 2005, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means K.D., named in the indictment as "Minor Victim #3";

(2)     Mr. Gandy committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud coercion, or any combination of such means, would be used to cause K.D. to engage in a commercial sex act;

(3)     At the time, K.D. had attained the age of 14 years but had not attained the age of 18 years; and

(4)     Mr. Gandy's acts were in or affected interstate commerce.

## COUNT 7

(Modified from the Fifth Circuit Pattern Instructions §2.68)

### Sex Trafficking of Minors
### 18 U.S.C. § 1591(a)(1)

Count Seven charges Mr. Gandy with Sex Trafficking of Minors. For you to find Mr. Gandy guilty of Sex Trafficking as charged in Count Seven, you must be convinced that the prosecution has proved each and every one of the following beyond a reasonable doubt:

(1)     Mr. Gandy, from on or about August 1, 2007 through November 31, 2007, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means J.A., named in the indictment as "Minor Victim #4";

(2)     Mr. Gandy committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud coercion, or any combination of such means, would be used to cause J.A. to engage in a commercial sex act;

(3)     At the time, J.A. had attained the age of 14 years but had not attained the age of 18 years; and

(4)     Mr. Gandy's acts were in or affected interstate commerce.

Respectfully submitted,

/s/ Sean Buckley
Sean Buckley
State Bar No. 24006675
770 South Post Oak Lane, Ste. 620
Houston, Texas 77056
TEL:  713-380-1220
FAX:  713-552-0746
Email: buckleyfirm@gmail.com

## Certificate of Service

I certify that I provided a copy of Defendant's Proposed Jury Instructions to Assistant United States Attorney Sherri Zack and all parties via the ECF system on this the 9th day of July, 2018.

/s/ Sean Buckley
Sean Buckley