United States District Court
Southern District of Texas
**ENTERED**
July 10, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. H-12-503 |
| § | |
| JASON GANDY § | |

## MEMORANDUM AND OPINION

The defendant, Jason Daniel Gandy, moved to dismiss Count One of the superseding indictment for lack of a speedy trial, and the government responded. (Docket Entry Nos. 133, 136). Count One charges Gandy with violating 18 U.S.C. § 2432(a). (Docket Entry No. 115 at 2–3). Based on the parties' filings, the record, the applicable law, and the arguments of counsel presented in court at the July 9, 2018 hearing, the court denies the motion to dismiss. The reasons for this ruling are explained below.

## I.      Background

The following timeline is helpful:

- August 15, 2012: Gandy was indicted for violating 18 U.S.C. § 2432(a). (Docket Entry No. 11).

- August 20, 2012: The court granted Gandy's motion to substitute retained attorney James Ray Alston. (Docket Entry Nos. 15, 16).

- August 23, 2012: Gandy was arraigned.

- September 17, 2012: The court granted Gandy's first continuance motion, which was requested "so that defense counsel can render effective assistance of counsel." (Docket Entry Nos. 21, 22).

- September 29, 2012. The court granted Gandy's motion to substitute retained attorney Dan Lamar Cogdell. (Docket Entry Nos. 25, 26).

- December 13, 2012: The court granted Gandy's second continuance motion, which was requested to allow Gandy's newly hired counsel to prepare for the case. (Docket Entry Nos. 28, 30).

- April 5, 2013: Charles Thomas Flood filed a notice of appearance as retained counsel for Gandy.  (Docket Entry No. 39).

- April 41, 2013: The court granted Gandy's third continuance motion, which was requested so that Gandy's newly hired counsel could review discovery in order to prepare an effective defense. (Docket Entry Nos. 40, 41).

- September 3, 2013: The court granted Gandy's fourth continuance motion, which was requested to allow counsel adequate time to review new discovery and to continue discussions with the government on possibly resolving the case. (Docket Entry Nos. 43, 44).

- December 6, 2013: The court granted Gandy's fifth continuance motion, which was requested to allow counsel to continue discussions with the government on resolving the case. (Docket Entry Nos. 47, 48).

- April 4, 2014: The court granted Gandy's sixth continuance motion, which was requested because the parties had reached a settlement and a plea agreement was being prepared.  (Docket Entry Nos. 49, 50).

- May 2014—September 2014: Gandy's rearraignment was set and reset multiple times, at his request, to allow more time for him to consult with counsel and family. (Docket Entry Nos. 51, 52, 53, 54, 56, 57).

- September 3, 2014: The court granted Gandy's seventh continuance motion. (Docket Entry No. 57).

- September 11, 2014: The rearraignment was canceled because Gandy chose not to plead guilty.

- September 16, 2014: The court granted Gandy's eighth continuance motion, which was requested because Gandy had changed his mind and chosen not to plead guilty. (Docket Entry Nos. 58, 59).

- September 17, 2014: The government filed a superseding indictment, adding counts against Gandy for violating 18 U.S.C. §§ 2251(a), 2251(e), 2252A(a)(1), and 2252A(b).  (Docket Entry No. 60).

- December 12, 2014: The court granted Gandy's ninth continuance motion, which was requested because the parties agreed that Gandy was in need of a psychiatric evaluation.  (Docket Entry Nos. 65, 66).

- March 30, 2015: Nicole DeBorde filed a notice of appearance as retained counsel for Gandy.  (Docket Entry No. 67).

- April 1, 2015: The court granted Flood's motion to withdraw as Gandy's attorney.  (Docket Entry Nos. 68, 69).

- April 9, 2015: The court granted Gandy's tenth continuance motion, which was requested so that Gandy's newly hired counsel could review the discovery and because Gandy had been placed on suicide watch and was unable to meet with his counsel.  (Docket Entry Nos. 70, 71).

- July 21, 2015: The court granted Gandy's eleventh continuance motion, which was requested in part so that Gandy's counsel could review discovery.  (Docket Entry Nos. 72, 73).

- September 30, 2015: The court granted Gandy's motion for a hearing to determine competency.  (Docket Entry Nos. 74, 75).  The court canceled the pretrial conference and jury selection deadlines pending the competency determination.  (Docket Entry No. 75).

- December 1, 2015: The court granted Gandy's twelfth continuance motion.  (Docket Entry Nos. 79, 80).

- December 8, 2016: After a status conference held on December 5, the court entered a scheduling and docket control order that set out new motions deadlines and trial dates.  (Docket Entry No. 90).

- April 3, 2017: Dustin Orlando Neyland filed a notice of appearance as retained counsel for Gandy.  (Docket Entry No. 95).

- April 27, 2017: The court granted DeBorde's and Cogdell's motion to withdraw as Gandy's attorneys.  (Docket Entry Nos. 97, 98).

- April 28, 2017: The court reset the deadlines to allow Gandy's new counsel to prepare for trial.  (Docket Entry Nos. 98, 99).

- September 8, 2017: The court granted Gandy's thirteenth continuance motion, which was requested so that Gandy's counsel could request additional discovery from the government and because Gandy's counsel's investigation had been delayed by the effects of Hurricane Harvey.  (Docket Entry Nos. 100, 101).

- January 4, 2018: The court granted Gandy's fourteenth continuance motion, which was requested to accommodate Gandy's counsel's schedule. (Docket Entry Nos. 110, 111).

- February 15, 2018: The government filed a second superseding indictment, adding counts against Gandy for violating 18 U.S.C. §§ 1591(a), 1591(a)(2), and 1591(b). (Docket Entry No. 115).

- February 21, 2018: The court amended deadlines based on the superseding indictment. (Docket Entry No. 122, 123).

- May 29, 2018: Louis Val Salmon was added as retained counsel for Gandy.

- June 7, 2018: Sean Ryan Buckley filed a notice of appearance as retained counsel for Gandy. (Docket Entry No. 128).

- June 7, 2018: The court granted Gandy's motion to substitute Buckley as lead counsel. (Docket Entry Nos. 129, 130).

- June 17, 2018: Gandy moved to dismiss Count One for lack of a speedy trial. (Docket Entry No. 133).

**II.     The Legal Standard**

"In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. Under *Barker v. Wingo*, 407 U.S. 514 (1972), a court must balance four factors in determining whether the defendant received a speedy trial within the meaning of the Sixth Amendment. *See Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000). These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530.

The first factor serves as a "triggering mechanism." *Id.*; *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993). "If the length of delay reaches a threshold level regarded as 'presumptively prejudicial,' the court must make findings regarding the remaining three factors and balance all accordingly." *Robinson*, 2 F.3d at 568; *Barker*, 407 U.S. at 530 ("Until there is some delay which

4

is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). While neither *Barker* nor the Constitution itself defines when a delay becomes presumptively unreasonable, the Fifth Circuit has held that "[a]bsent extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper the defense, a delay of less than one year is not sufficient to trigger an examination of the *Barker* factors." *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) (internal citations omitted); *Knox*, 224 F.3d at 477. "[T]he length of delay will generally not create a presumption of prejudice unless the post-indictment delay lasted at least five years." *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007) (quotations omitted).

## III. Analysis

Six years have passed since Gandy was arrested and indicted. Because the delay is longer than five years, it is presumptively prejudicial. *Id.* The first factor, the length of the delay, weighs in favor of Gandy. *Barker*, 407 U.S. at 530. Because this factor triggers the presumption of prejudice, the court balances the remaining three factors. *Robinson*, 2 F.3d at 568.

Gandy argues that the second factor, the reason for the delay, is neutral because both parties caused the delay. (Docket Entry No. 133 at 4). It is true that the government contributed to the delays by issuing two superseding indictments. (Docket Entry Nos. 60, 115). But the government-caused delays are vastly overshadowed by the number and lengths of the delays Gandy caused. Gandy filed over a dozen continuance motions. Though the motions were unopposed, many of the continuances were requested for the benefit of Gandy or his counsel. Gandy frequently replaced his counsel, which caused delays so his newly hired counsel could learn the case. (Docket Entry Nos. 16, 39, 67, 69, 95, 98, 128). This factor weighs against Gandy. *Barker*, 407 U.S. at 530.

5

Gandy concedes that he has not actively asserted his right to a speedy trial. (Docket Entry No. 133 at 5). This factor weighs against Gandy. *Barker*, 407 U.S. at 530.

Gandy argues that the fourth factor, prejudice to him, weighs in his favor because the delay triggered the presumption of prejudice. (Docket Entry No. 133 at 5). Gandy conflates the prejudice presumption that triggers the *Barker* inquiry with the fourth factor's prejudice standard. "[A]s the term is used in [the] threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Under the fourth factor, "where the government was reasonably diligent in its efforts to bring the defendant to trial, the defendant must show 'specific prejudice to his defense.' This is so . . . no matter how great the delay." *Robinson*, 2 F.3d at 570 (citation omitted) (quoting *Doggett*, 505 U.S. at 656).

As explained above, Gandy complains of delay that he largely caused. Gandy states that "[t]he most serious interest here is to limit the possibility that the defense will be impaired." (Docket Entry No. 133 at 5). But Gandy neither identifies any specific prejudice to his defense nor makes even a general claim of prejudice. There is no evidence that the government "intentionally held back its prosecution in order to gain an impermissible tactical advantage . . . ." *Robinson*, 2 F.3d at 570. This factor weighs against Gandy. *Barker*, 407 U.S. at 530.

Though *Barker* review was triggered by the length of the delay, the three remaining factors weigh against Gandy. He will receive a speedy trial within the meaning of the Sixth Amendment. *Knox*, 224 F.3d at 477.

**IV.    Conclusion**

Gandy's motion to dismiss Count One, (Docket Entry No. 133), is denied.

SIGNED on July 10, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge