UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | Criminal No. 12-503SS |
| JASON DANIEL GANDY, Defendant. | § § § | |

## JOINT REQUESTED JURY INSTRUCTIONS
### (SUBSTANTIVE OFFENSES)

The United States of America, by and through Ryan K. Patrick, United States Attorney, and Kimberly Ann Leo and Sherri L. Zack, Assistant United States Attorneys for the Southern District of Texas, and the Defendant, Jason Gandy and his counsel, Sean Buckley and requests that the following jury instructions be presented.

## COUNT ONE:
### SEXUAL EXPLOITATION OF CHILDREN—TRANSPORTING OF A MINOR WITH INTENT THAT THE MINOR ENGAGE IN CRIMINAL SEXUAL ACTIVITY
18 U.S.C. § 2423(a)

Title 18, United States Code, Section 2423(a) makes it a crime to transport a minor with the intent to engage in criminal sexual activity. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That the Defendant knowingly transported Minor Victim #1.

*Second*: That Minor Victim #1 was under eighteen years of age at the time.

*Third*: That the Defendant intended the Minor Victim #1 to engage in prostitution or other criminal sexual activity.

*Fourth*: That the transportation was in interstate or foreign commerce.

Now I will give you more detailed instructions on some of these terms.

"Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

"Criminal sexual activity" refers to sexual activity for which any person could be charged with a crime.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## COUNT TWO:
## ATTEMPTED SEXUAL EXPLOITATION OF CHILDREN-PRODUCING CHILD PORNOGRAPHY
18 U.S.C. § 2251(a)

Title 18, United States Code, Section 2251(a), makes it a crime to employ, use, persuade, induce, entice, or coerce, or attempt to do so, any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the Defendant intended to employ, use, persuade, induce, entice, or coerce Minor Victim #1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

*Second*: That the Defendant engaged in a purposeful act, that under the circumstances, as

he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent; and

*Third*: (A) That the visual depiction would have been transmitted using any means or facility of interstate or foreign commerce; or

(B) That the visual depiction would have been produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "minor" means any person under the age of eighteen years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic areal whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not an exhaustive, and

no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into visual image that has been transmitted by any means, whether or not stored in a permanent format.

Seventh Circuit Pattern Jury Instructions No. 4.09.

**COUNT TWO:**
**SEXUAL EXPLOITATION OF CHILDREN-PRODUCING**
**CHILD PORNOGRAPHY**
18 U.S.C. § 2251(a)

Title 18, United States Code, Section 2251(a), makes it a crime to employ, use, persuade, induce, entice, or coerce, or attempt to do so, any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the Defendant employed, used, persuaded, induced, enticed, or coerced Minor Victim #1 to engage in sexually explicit conduct;

*Second*: That the Defendant acted with the purpose of producing a visual depiction of such conduct; and

*Third*: (A) That the visual depiction was actually transmitted using any means or facility of interstate or foreign commerce; or

(B) That the visual depiction was produced using materials that have been mailed,

shipped, or transported in or affecting interstate or foreign commerce.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "minor" means any person under the age of eighteen years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic areal whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not an exhaustive, and no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is

capable of conversion into visual image that has been transmitted by any means, whether or not stored in a permanent format.

Fifth Circuit Pattern Jury Instructions No. 2.84 (2015).

**COUNT THREE:**
**SEXUAL EXPLOITATION OF CHILDREN—TRANSPORTING OR SHIPPING OF CHILD PORNOGRAPHY (VISUAL DEPICTION OF ACTUAL MINOR)**
18 U.S.C. § 2252A(a)(1)

Title 18, United States Code, Section 2252A(a)(1), makes it a crime to knowingly mail, transport, or ship any child pornography in or affecting interstate or foreign commerce.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The Defendant knowingly transported by any means or facility of interstate or foreign commerce, an item or items of child pornography, as alleged in the indictment; and

*Second*: That when the Defendant transported the item[s], the Defendant knew the items were child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic mechanical, or other means, of sexually explicitly conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

Fifth Circuit Pattern Jury Instruction No. 2.85C (2015).

## COUNT FOUR:
### SEX TRAFFICKING OF MINORS
### 18 U.S.C. § 1591(a)(1)

Title 18, United States Code, Section 1591(a)(1), makes it a crime or offense for anyone

knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain a person knowing, or in reckless disregard of the fact that would be used to cause such person to engage in a commercial sex act or knowing that the person was under the age of eighteen and would be caused to engage in a commercial sex act.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Minor Victim #1;

*Second*: That the Defendant committed such act knowing or in reckless disregard of the fact that Minor Victim # 1 had not attained the age of eighteen years and would be caused to engage in a commercial sex act.

*Third*: That the Defendant's acts were in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

If the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the defendant knew that the

person had not attained the age of 18 years.

A sex act does not have to actually occur to find the defendant guilty of § 1591(a).

<u>Fifth Circuit Pattern Jury Instruction No. 2.68 (2015).</u> *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013).

**COUNT FIVE:**
**SEX TRAFFICKING OF MINORS**
**18 U.S.C. § 1591(a)(1)**

Title 18, United States Code, Section 1591(a)(1), makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide or obtain a person knowing that the person has not attained the age of eighteen and would be caused to engage in a commercial sex act.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the Defendant knowingly recruited, enticed, harbored, transported, provided or obtained by any means Minor Victim #2;

*Second*: That the Defendant committed such act knowing that Minor Victim # 2 had not attained the age of eighteen years and would be caused to engage in a commercial sex act.

*Third*: Defendant's acts were in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether

his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

A sex act does not have to actually occur to find the defendant guilty of § 1591(a).

## COUNT SIX:
### SEX TRAFFICKING OF MINORS
### 18 U.S.C. § 1591(a)(1)

Title 18, United States Code, Section 1591(a)(1), makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, or obtain a person knowing that the person had not attained the age of eighteen and would be caused to engage in a commercial sex act or attempt to do so.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt.

*First*: That the Defendant attempted to knowingly recruit, entice, harbor, transport, provide or obtain by any means Minor Victim #3;

*Second*: That the Defendant committed such act knowing that Minor Victim # 3 had not attained the age of eighteen years and would be caused to engage in a commercial sex act.

*Third*: Defendant's acts were in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased

items that had moved in interstate commerce.

A sex act does not have to actually occur to find the defendant guilty of § 1591(a).

# COUNT SEVEN:
## SEX TRAFFICKING OF MINORS
## 18 U.S.C. § 1591(a)(1)

Title 18, United States Code, Section 1591(a)(1), makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide or obtain a person knowing that the person had not attained the age of eighteen and would be caused to engage in a commercial sex act.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the Defendant knowingly recruited, enticed, harbored, transported, provided or obtained by any means by any means Minor Victim #4;

*Second*: That the Defendant committed such act knowing that Minor Victim # 4 had not attained the age of eighteen years and would be caused to engage in a commercial sex act.

*Third*: Defendant's acts were in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased

items that had moved in interstate commerce.

A sex act does not have to actually occur to find the defendant guilty of § 1591(a).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via ECF/PACER filing to counsel for the defendant, on this the 16th day of July, 2018.

*s/ Sherri L. Zack*
Sherri L. Zack

Assistant United States Attorney