United States District Court
Southern District of Texas
**ENTERED**
July 23, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. H-12-503** |
| | § | |
| **JASON DANIEL GANDY** | § | |

## JURY INSTRUCTIONS

Members of the Jury:

You have now heard the evidence in the case.  It is my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses.  Second, I will give you some specific instructions on the law that applies in this case.  Finally, I will give you instructions explaining the procedures for you to follow in your deliberations.

1

## GENERAL INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.  You have no right to disregard, or give special attention to, any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment, or formal charge, against a defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  Every defendant begins with a clean slate.  The law does not require any defendant to prove his innocence or to produce any evidence at all, and no inference whatsoever may be drawn from the defendant's election not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the

government's proof exclude any "reasonable doubt" about the defendant's guilt.  A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act on it without hesitation in making the most important decisions on your own affairs.

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, it is your own recollection and interpretation of the evidence that controls in this case.  What the lawyers say is not binding on you.

During the trial, I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.   Do not consider any testimony or other evidence that was

removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I did or said during the trial that I have any opinion about any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.  Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job as jurors will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions.  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.  When a defendant does not testify, you may not consider that fact for any purpose in your deliberations.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

You will note that the indictment charges that the offenses were committed on or about a specified date.  The government does not have to prove that a crime was committed on the exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes alleged in the indictment reasonably near the dates stated in the indictment.

If you have taken notes, they should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you have not taken notes, you should rely on your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Your verdict, whether it is guilty or not guilty, must be unanimous.

## SPECIFIC INSTRUCTIONS FOR THIS CASE

### Instructions that Apply to More Than One Count

A separate crime is charged in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find Mr. Gandy guilty or not guilty as to one of the counts charged should not control your verdict as to others.  Mr. Gandy is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

You have heard evidence of acts of Mr. Gandy that may be similar to those charged in the indictment but were committed on other occasions. You must not consider any of this evidence in deciding if Mr. Gandy committed the acts charged in the indictment.  However, you may consider this evidence for other, very limited, purposes.  If you find beyond a reasonable doubt from other evidence in this case that Mr. Gandy did commit the acts charged in the indictment, then you may consider evidence of similar acts allegedly committed on other occasions to determine whether Mr. Gandy had the state of mind or intent necessary to commit the crime charged in the indictment, or whether Mr. Gandy committed the acts for which he is on trial by accident or mistake.  These are the limited purposes for which the evidence of other similar acts may be considered.

If Mr. Gandy is found guilty, it is my duty to decide what the punishment will be. You may not be concerned with punishment in any way. It may not enter your consideration or discussion.

<u>Definitions that Apply to More Than One Count</u>

The term "knowingly," as used in Counts 1, 3, 4, 5, 6, and 7, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "interstate commerce," as used in Counts 1, 2, 3, 4, 5, 6, and 7, means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

The term "foreign commerce," as used in Counts 1, 2, 3, 4, 5, 6, and 7, means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

The term "minor," as used in Count 1, 2, 4, 5, 6, and 7, means any person under the age of 18 years.

The term "commercial sex act," as used in Counts 4, 5, 6, and 7 means any sex act, on account of which anything of value is given to or received by any person.

The term "computer," as it appears in the definitions of "visual depiction" in Count 2 and "child pornography" in Count 3, means an electronic, magnetic,

optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

<u>Instructions on Count 1</u>

Count 1 charges Mr. Gandy with transporting a minor with intent that the minor engage in criminal sexual activity.  Federal law makes it a crime to transport a minor with the intent to engage in criminal sexual activity. In order for you to find Mr. Gandy guilty of this charge, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: That Mr. Gandy knowingly transported Minor Victim #1.

*Second*: That Minor Victim #1 was under 18 years of age at the time.

*Third*: That Mr. Gandy intended Minor Victim #1 to engage in prostitution or other criminal sexual activity.

*Fourth*: That the transportation was in interstate or foreign commerce.

The term "prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

The term "criminal sexual activity" means sexual activity for which any person could be charged with a crime.

The terms "knowingly," "interstate commerce," and "foreign commerce,"

have the meanings set out on page 8 of these instructions.

<u>Instructions on Count 2</u>

Count 2 charges Mr. Gandy with producing child pornography. Federal law makes it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or transmitting a live visual depiction of this conduct, or attempt to do so. You may find Mr. Gandy guilty of attempting to commit this crime or guilty of actually committing this crime.

For you to find Mr. Gandy guilty of attempting to commit this offense, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: That Mr. Gandy intended to employ, use, persuade, induce, entice, or coerce  Minor Victim #1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

*Second*: That Mr. Gandy engaged in a purposeful act, that under the circumstances, as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent; and

*Third*: (A) That the visual depiction would have been transmitted using any means or facility of interstate or foreign commerce; or

(B) That the visual depiction would have been produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce.

For you to find Mr. Gandy guilty of actually committing this crime, you

must be convinced that the government has proved each of the following, beyond a

reasonable doubt:

> *First*: That Mr. Gandy employed, used, persuaded, induced, enticed, or
> coerced  Minor Victim #1 to engage in sexually explicit conduct;

> *Second*: That Mr. Gandy acted with the purpose of producing a visual
> depiction of such conduct; and

> *Third*: (A) That the visual depiction was actually transmitted using any
> means or facility of interstate or foreign commerce; or

> (B) That the visual depiction was produced using materials that have
> been mailed, shipped, or transported in or affecting interstate or foreign
> commerce.

The term "sexually explicit conduct" means actual or simulated sexual

intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal,

whether between persons of the same or opposite sex; bestiality; sadistic or

masochistic abuse; or lascivious exhibition of the genitals or pubic area of any

person. Whether a visual depiction is a lascivious exhibition requires you to

consider the overall content of the material. You may consider such factors as

whether the focal point of the visual depiction is on the child's genitalia or pubic

area; whether the setting of the depiction is sexually suggestive, that is, in a place

or pose associated with sexual activity; whether the child is depicted in an

unnatural pose or in inappropriate attire, considering the child's age; whether the

child is fully or partially nude; whether the visual depiction suggests sexual

coyness or a willingness to engage in sexual activity; or whether the depiction is

designed to elicit a sexual response in the viewer. This list is not exhaustive, or complete, and no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into visual image that has been transmitted by any means, whether or not stored in a permanent format.

The terms "minor," "interstate commerce," and "foreign commerce" have the meanings set out on page 8 of these instructions.

<u>Instructions on Count 3</u>

Count 3 charges Mr. Gandy with transporting or shipping child pornography. Federal law makes it a crime to knowingly mail, transport, or ship any child pornography in or affecting interstate or foreign commerce.

For you to find Mr. Gandy guilty of this crime, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: That Mr. Gandy knowingly transported by any means or facility of interstate or foreign commerce, an item or items of child pornography, as alleged in the indictment; and

*Second*: That when Mr. Gandy transported the item[s], Mr. Gandy knew the items were child pornography.

The term "child pornography" means any visual depiction, including any

photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicitly conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The terms "knowingly," "interstate commerce," and "foreign commerce," have the meanings set out on page 8 of these instructions.

<u>Instructions on Count 4</u>

Count 4 charges Mr. Gandy with sex trafficking of a minor.  Federal law makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain a person knowing, or in reckless disregard of the fact that this person would be caused to engage in a commercial sex act, or knowing that the person was under the age of 18 and would be caused to engage in a commercial sex act.

For you to find Mr. Gandy guilty of this crime, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: That Mr. Gandy knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Minor Victim #1;

*Second*: That Mr. Gandy committed such act knowing or in reckless disregard of the fact that Minor Victim #1 had not reached the age of 18 years and would be caused to engage in a commercial sex act.

*Third*: That Mr. Gandy's acts were in or affected interstate or foreign commerce.

The terms "knowingly," "interstate commerce," "foreign commerce," and "commercial sex act" have the meanings set out on page 8 of these instructions.

In determining whether Mr. Gandy's conduct was "in or affected interstate or foreign commerce," you may consider whether he used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

If the government proves beyond a reasonable doubt that Mr. Gandy had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the government does not have to prove that Mr. Gandy knew that the person had not reached the age of 18 years.

A sex act does not have to actually occur to find Mr. Gandy guilty under Count 4.

## Instructions on Count 5

Count 5 charges Mr. Gandy with sex trafficking of a minor. Federal law makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide or obtain a person knowing that the person has not reached the age of 18 and would be caused to engage in a commercial sex act.

14

For you to find Mr. Gandy guilty of this crime, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: That Mr. Gandy knowingly recruited, enticed, harbored, transported, provided or obtained by any means Minor Victim #2;

*Second*: That Mr. Gandy committed such act knowing that Minor Victim #2 had not reached the age of 18 years and would be caused to engage in a commercial sex act.

*Third*: That Mr. Gandy's acts were in or affected interstate or foreign commerce.

The terms "knowingly," "interstate commerce," "foreign commerce," and "commercial sex act" have the meanings set out on page 8 of these instructions.

In determining whether Mr. Gandy's conduct was "in or affected interstate or foreign commerce," follow the instruction set out on page 14.

A sex act does not have to actually occur to find Mr. Gandy guilty under Count 5.

<u>Instructions on Count 6</u>

Count 6 charges Mr. Gandy with sex trafficking of a minor.  Federal law makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, or obtain a person knowing that the person had not reached the age of 18 and would be caused to engage in a commercial sex act or attempt to do so.

For you to find Mr. Gandy guilty of this crime, you must be convinced that

the government has proved each of the following, beyond a reasonable doubt.

> *First*: That Mr. Gandy attempted to knowingly recruit, entice, harbor, transport, provide or obtain by any means Minor Victim #3;

> *Second*: That Mr. Gandy committed such act knowing that Minor Victim #3 had not reached the age of 18 years and would be caused to engage in a commercial sex act.

> *Third*: That Mr. Gandy's acts were in or affected interstate or foreign commerce.

The terms "knowingly," "interstate commerce," "foreign commerce," and "commercial sex act" have the meanings set out on page 8 of these instructions.

In determining whether Mr. Gandy's conduct was "in or affected interstate or foreign commerce," follow the instruction set out on page 14.

A sex act does not have to actually occur to find Mr. Gandy guilty under Count 6.

<u>Instructions on Count 7</u>

Count 7 charges Mr. Gandy with sex trafficking of a minor.  Federal law makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide or obtain a person knowing that the person had not reached the age of 18 and would be caused to engage in a commercial sex act.

For you to find Mr. Gandy guilty of this crime, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: That Mr. Gandy knowingly recruited, enticed, harbored, transported, provided or obtained by any means Minor Victim #4;

*Second*: That Mr. Gandy committed such act knowing that Minor Victim #4 had not reached the age of 18 years and would be caused to engage in a commercial sex act.

*Third*: That Mr. Gandy's acts were in or affected interstate or foreign commerce.

The terms "knowingly," "interstate commerce," "foreign commerce," and "commercial sex act" have the meanings set out on page 8 of these instructions.

In determining whether Mr. Gandy's conduct was "in or affected interstate or foreign commerce," follow the instruction set out on page 14.

A sex act does not have to actually occur to find Mr. Gandy guilty under Count 7.

## FINAL INSTRUCTIONS ON YOUR DELIBERATIONS

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.  The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the

foreperson should date and sign the verdict form. The foreperson will retain possession of the verdict form until the court asks for it.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SIGNED on July 23, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge