UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **4:12-cr-503** |
| | § | (Hon. Lee H. Rosenthal) |
| **JASON DANEIL GANDY,** | § | |
| **Defendant.** | § | |
| | § | |

### UNITED STATES' RESPONSE TO DEFENDANT'S RULE 29(c) MOTION FOR JUDGEMENT OF ACQUITTAL

COMES NOW the United States of America, by and through its United States Attorney, Ryan K. Patrick, and Sherri L. Zack, Assistant United States Attorney, for the Southern District of Texas, and files this response to the Defendant's Rule 29(c) Motion for Judgement of Acquittal and in support thereof would show the following:

The evidence presented at trial was more than sufficient to sustain all of the Defendant's convictions. The Rule 29 motion is meritless; the Jury's verdict should stand.

When a defendant challenges the sufficiency of the evidence, the verdict will be upheld if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Vargas–Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In determining whether any rational juror could have rendered a guilty verdict, all evidence, circumstantial or direct, is viewed in the light most favorable to the Government and all reasonable inferences are to be drawn in support of the jury's

1

verdict. *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). It is not necessary that the evidence exclude every reasonable hypothesis of innocence. *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013). The jury may choose among reasonable constructions of the evidence and the weight and credibility of the evidence are the sole province of the jury. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007); *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007). Accordingly, when reviewing the sufficiency of the evidence, a court is not to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt," but rather whether any rational juror could have so concluded. *Jackson v. Virginia*, 443 U.S. at 318-19.

The United States re-asserts all grounds and arguments previously made in response to the Defendant's Rule 29 motions at trial. The Defendant moves for a judgement of acquittal based on four separate grounds. First, as to Count 1, transportation of a minor, the Defendant claims the Government did not prove that the Defendant intended Minor Victim #1 to engage in prostitution or other criminal sexual activity for which a person can be charged. Second, as to Count 2, production/attempted production of child pornography, the Defendant claims the Government failed to prove the Defendant acted with the purpose of producing a visual depiction of sexually explicit conduct. Third, as to Count 3, transportation of child pornography, the Defendant claims that the Government did not prove that he knew or believed the images were child pornography. Finally, as to Count 6, sex trafficking of a minor, the Defendant claims the Government failed to prove that Minor Victim # 3 would be caused to engage in a commercial sex act. In addition to the arguments already made, the United States will address and dispel each of the Defendant's grounds.

**Count 1**

Title 18, United States Code, Section 2423 makes it illegal to cause a minor to travel in interstate or foreign commerce to engage in prostitution or any sexual activity for which a person can be charged.   The Defendant claims the prostitution at issue must be criminal in nature. However, there is no authority for this.   It is the United States' position that transporting a minor for prostitution, regardless of whether prostitution is legal or not, satisfies the third element of the crime.   There is no evidence that minors can engage legally in prostitution in the United Kingdom.   It was clear from the testimony of Special Agent Juanae Johnson that any sexual activity between 15 year old Minor Victim #1 and an adult would violate the laws of the United Kingdom.   Nothing in 18 U.S.C. § 2423 references illegal prostitution; to the contrary, it separates prostitution from any other sexual activity for which any person can be charged. There is no legal requirement that the Defendant have knowledge that Minor Victim #1's engaging in prostitution would be illegal.   The Government must and did prove that the Defendant's actions would cause Minor Victim #1 to engage in prostitution.

It is clear from the testimony of Minor Victim #1, as well as the three other victims, that the Defendnat caused them or intended to cause them to engage in massages that resulted in "happy endings." It was clear from the testimony at trial that the massages in which the victims were caused to participate were being performed with the expectation by the recipient of sexual gratification, that being the manual stimulation of the recipient's penis in the hopes of ejaculation, also known as a "happy ending." Prostitution is a commercial sex act which is defined in 18 U.S.C. § 1591 (3) as "any sex act, on account of which anything of value is given to or received by any person."   A rubbing of the genitals for sexual gratification in the course of

3

a massage would be a commercial sex act and prostitution.

**Count 2**

The Defendant's second claim does not merit acquittal as to Count 2. The Defendant claims that the Government failed to produce a visual depiction of sexually explicit conduct or evidence of actual production. The United States proved, through the introduction of an image of Minor Victim #1 and Minor Victim #1's testimony that the Defendant wanted naked images of Minor Victim #1 and attempted to obtain them by taking photos while Minor Victim #1 was laying naked on a massage table in the Defendant's residence. Further, the image introduced into evidence is clearly of a sexual nature regardless of the fact that the victim's genitals are not exposed. These facts taken in conjunction with the other child pornography images contained on Gandy's devices, and his sexual exploitation of the four minor victims circumstantially proved to the jury that the Defendant intended to produce child pornography images of Minor Victim #1.

**Count 3**

The Defendant's third claim that he did not know the images he transported to the United Kingdom were child pornography contradicts the evidence presented at trial. At trial, Special Agent Chappell, the forensic analyst, testified that these images were obtained from the internet. Special Agent Chappell explained that the user had to search for these images specifically and download them to the computer. Further, there was testimony demonstrating where the files were stored and the effort it took to store them there. There was no evidence that the Defendant is or ever was a nudist. There was ample evidence that he had a sexual interest in children: photographs on his computer introduced at trial, numerous documented trips to Southeast Asia

4

where he is posed in numerous photographs with minors, engaging in sexual relationships with numerous minors and sexually exploiting them not only for his own sexual satisfaction but for financial gain. Additionally, there was testimony at trial that the Defendant gave the computer to Minor Victim #1 to transport to the U.K. knowing Minor Victim #1 could not access the password protected computer.   It was clear that the Defendant did not want to get caught with the child pornography.   The Defendant made attempts to legitimize his actions to avoid being caught - he obtained travel documents for Minor Victim #1 and he obtained documents from Minor Victim #1's mother which gave her son permission to travel with the Defendant.

**Count 4**

Finally, the Defendant's fourth claim for judgement of acquittal based on Minor Victim #3 not performing a sex act should be denied.   Title 18, United States Code, Section 1591 does not require a sex act to occur.   It requires that the United States prove the victim was or <u>would be caused</u> to engage in commercial sex. (emphasis added) *See United States v. Garcia-Gonzalez*, 714 F.3d 306, (5th Cir. 2013).

Minor Victim #3 testified that he was told he could make money by performing massages by the Defendant.   These massages would be the same type of massages the other victims testified about where the client could rub the genitals of the victim or the victim would rub the genitals of the client.   Either would constitute commercial sex.   The fact that Minor Victim #3 did not go through with the act intended by the Defendant does not negate the Defendant's intent nor his culpability.

**Conclusion**

It is clear the actions of the Defendant in each of the counts of conviction, when viewed in the light most favorable to the Government, support the jury's verdict.   An illuminating analysis of similar arguments was recently addressed by the Ninth Circuit in *United States v. Bazar*, No. 16-50180, 2018 WL 4018127 (9th Cir. Aug. 23, 2018). The United States, based on the above stated reasons, respectfully requests this Court deny Defendant's Rule 29(c) Motion for Judgement of Acquittal.

WHEREFORE, PREMISES CONSIDERED, the United States requests that the Court deny the Defendant's Rule 29(c) Motion for Judgement of Acquittal.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney


*s/ Sherri L. Zack*
Sherri L. Zack
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the United States' Response to the Defendant's Defendant's Rule 29(c) Motion for Judgement of Acquittal on this 4th day of September 2018 filed by ECF.

*s/ Sherri L. Zack*
Sherri L. Zack
Assistant United States Attorney