**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CRIMINAL ACTION NO. H-12-503 |
| JASON DANIEL GANDY | § § § | |

**ORDER DENYING DEFENDANT'S RULE 29(c)
MOTION FOR JUDGMENT OF ACQUITTAL**

Jason Gandy filed a Motion for Judgment of Acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. (Docket Entry No. 174). Because the evidence presented at trial was sufficient to sustain Mr. Gandy's convictions, his Rule 29 motion is denied.

When a defendant challenges the sufficiency of the evidence, the verdict is upheld if the court concludes that "any reasonable trier of fact could have found the essential elements" of the counts of the conviction, beyond a reasonable doubt. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In making this determination, the court views evidence, circumstantial and direct, in the light most favorable to the government. The court draws reasonable inferences in support of the jury's verdict. *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). "It is not necessary that the evidence exclude every rational hypothesis of innocence." *United States v. Alaniz,* 726 F.3d 586, 601 (5th Cir. 2013). A jury may choose a reasonable construction of the evidence, and choices of weight and credibility are for the jury to decide. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007); *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007), *cert. denied*, 552 U.S. 1221 (2006). A court reviewing the sufficiency of the evidence is not to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt," but rather whether any rational juror could

have reached this conclusion. *Jackson*, 443 US. at 318–19 (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)).

Mr. Gandy moves for a judgment of acquittal based on four separate grounds. As to Count 1, transportation of a minor, he argues that the government did not prove that he intended Minor Victim #1 to engage in prostitution or other criminal sexual activity for which a person can be charged. As to Count 2, production or attempted production of child pornography, Mr. Gandy argues that the government failed to prove that he acted with the purpose of producing a visual depiction of sexually explicit conduct. As to Count 3, transportation of child pornography, Mr. Gandy argues that the government did not prove that he knew or believed that the transported images were child pornography. As to Count 6, sex trafficking of a minor, he argues that the government failed to prove that Minor Victim #3 would be caused to engage in a commercial sex act. Each argument is analyzed below.

   **1.    Count 1**

Title 18, United States Code, Section 2423 makes it illegal for a defendant to cause a minor to travel in interstate or foreign commerce to engage in prostitution or any sexual activity for which a person can be charged. Mr. Gandy argues that the government failed to prove that child prostitution was illegal in the United Kingdom. But the evidence, including the testimony of Special Agent Juanae Johnson, showed that minors cannot legally engage in prostitution in the United Kingdom or in the United States. Any sexual activity between the 15-year-old Minor Victim #1 and an adult would violate the laws of the United Kingdom.

Minor Victim #1 and the three other victims testified that Mr. Gandy knowingly caused or intended to cause them to perform massages on adults with the expectation that the recipient would experience sexual gratification to the "happy ending" of ejaculation. Prostitution is the commercial sex act defined in 18 U.S.C. § 1591(3) as "any sex act, on account of which anything of value is

2

given to or received by any person." The evidence showed that having a minor engage in rubbing the genitals for sexual gratification in the course of a massage was a commercial sex act and prostitution. The Rule 29 motion as to Count 1 is denied.

  **2.    Count 2**

Mr. Gandy argues that the government failed to prove that he intended to produce or actually produced visual depictions of sexually explicit conduct, such as charged in Count 2. The United States proved through the testimony of Minor Victim #1 that he wanted naked images of Minor Victim #1 and tried to obtain them by taking photos while Minor Victim #1 was laying naked on the massage table in Mr. Gandy's residence. The government introduced into evidence images that are clearly of a sexual nature, although the subject's genitals are not exposed. This evidence, with the evidence of other child-pornography images on Mr. Gandy's electronic devices and of his sexual exploitation of the four minor victims, were sufficient to show that he intended to produce child pornography images of Minor Victim #1. The Rule 29 motion as to Count 2 is denied.

  **3.    Count 3**

Mr. Gandy's third argument is that he did not know that the images he transported to the United Kingdom were child pornography. Special Agent Chappell, the forensic analyst, testified that the images were obtained from the internet and that a specific search had to be made to get these images and then download them to a computer. The testimony showed where Mr. Gandy stored the files and the effort it took to do so. There was ample evidence that Mr. Gandy had a sexual interest in children, including the photographs on his computer, and the trips to Southeast Asia, where Mr. Gandy posed for photographs with minors, engaged in sexual relationships with them, and sexually exploited them, both for his own sexual satisfaction and for financial gain from gratifying others. There was testimony at trial that Mr. Gandy gave his computer to Minor Victim #1 to transport to the United Kingdom, knowing that Minor Victim #1 could not access the password-protected

3

contents, to avoid detection or apprehension in possession of child pornography. The evidence supported the Count 3 conviction, and the Rule 29 motion as to this count is denied.

**4.     Count 6**

Mr. Gandy's last argument for judgment of acquittal is based on his contention that Minor Victim #3 did not perform a sex act. A conviction under Title 18, United States Code, Section 1591, does not require proof that a sex act occurred. It does require that the government prove that the victim was, or would be caused to engage in a commercial sex act. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013). Minor Victim #3 testified that Mr. Gandy told him that he could make money by performing massages on adult clients. The testimony showed that the massages included the client rubbing the genitals of the victim or the victim rubbing the genitals of the client. Either is a commercial sex act. The fact that Minor Victim #3 did not go through with the sex act that Mr. Gandy intended him to perform does not negate Mr. Gandy's intent.

**5.     Conclusion**

Mr. Gandy's Rule 29 Motion for Judgment of Acquittal, Docket Entry No. 174, is denied.

SIGNED on October 5, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge