UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JASON GANDY,                              )

                                         )      Case No. 4:12-cr-00503

UNITED STATES OF AMERICA.                )

## DECLARATION OF JASON GANDY

I, Jason Gandy, declare under penalty of perjury that the following is true and correct.

1.    On August 15, 2012, I was charged in a one count criminal indictment with knowingly transporting a minor in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2423(a).

2.    On September 28, 2012, I retained Attorney Cogdell. On April 5, 2013, I retained Attorney Flood.

3.    By December 5, 2013, Attorneys Cogdell and Flood were actively discussing a potential resolution of the case with the government on my behalf.

4.    Shortly thereafter, Cogdell and Flood provided me with a proposed Fed. R. Crim. P. 11(c)(1)(C) written plea agreement.

5.     The plea agreement stated that, if I should violate the conditions of any period of supervised release, I "may be imprisoned for the entire term of supervised release." Moreover, I cannot have the imposition or execution of the sentence suspended, nor am I eligible for parole.

6.     Attorneys Cogdell and Flood informed me that, if the Court accepted the plea agreement, I would receive "10 years on Count One." The ten-year sentence would be "followed by a term of Life on supervised release."

7.     Cogdell and Flood informed me that there was no parole and I would serve my entire term of supervised release.

8.     I informed Attorneys Cogdell and Flood that lifetime supervised release was a deal breaker.

9.     I informed Cogdell and Flood that I eventually wanted to travel to other countries and potentially move overseas permanently. Cogdell and Flood never informed me that a term of supervised release could be reduced and/or its conditions modified.

10.     Attorneys Cogdell and Flood communicated with my stepmother and father, Julie and Joe Gandy. My parents provided their own

declarations about the conversations that we, as a family, had with Cogdell and Flood.

11.    I ultimately rejected the plea offer and, on September 17, 2014, I was charged in a three-count superseding indictment. Count One remained the same. Count Two charged that I enticed a minor to engage in sexually explicit conduct. Count Three charged that I transported pornography in interstate commerce.

12.    The plea negotiations broke down. On March 30, 2015, I retained Attorney Nicole BeBorde. On April 1, 2015, Attorney Flood withdrew. On April 3, 2017, I retained Attorney Dustan Neyland. On April 28, 2017, Attorneys Cogdell and DeBorde withdrew.

13.    On February 15, 2018, I was charged in a second superseding seven count indictment. Counts One through Three remained the same. Counts Four, Five, Six, and Seven charged that I enticed Minors # 1, # 2, # 3, and # 4 to engage in commercial sex acts.

14.    On June 7, 2018, I retained Attorney Sean Buckley. I went to trial on July 18, 19, and 23, 2018. On July 23, 2018, I was found guilty on all counts. On December 18, 2018, I was sentenced to a total term of 360 months imprisonment and lifetime supervised release.

15.   On November 4, 2019, the Fifth Circuit affirmed my conviction and sentence. On February 2, 2021, I filed a timely 28 U.S.C. § 2255 motion that Attorneys Cogdell and Flood were ineffective.

16.   Had I known that the district court could terminate a term of supervised release after the expiration of one year or could modify the conditions of supervised release so that I could travel outside the United States, I would have accepted the Fed. R. Crim. P. 11(c)(1)(C) written plea agreement and pleaded guilty.


Signed this __23__ day of April 2021.

Jason Gandy