UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON GANDY, ) | |
| ) | |
| v. ) | Case No. 4:12-cr-00503 |
| ) | |
| UNITED STATES OF AMERICA, ) | |

# REPLY TO UNITED STATES' RESPONSE TO
# MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
# UNDER 28 U.S.C.§ 2255

Jason Gandy ("Gandy"), through the undersigned counsel, respectfully submits the following reply to the United States' Response to his 28 U.S.C. § 2255 motion.

## INTRODUCTION

The Government states that Gandy cannot show prejudice because this Court might not have accepted his plea, might not have modified or terminated his supervised release, and might not have allowed him to travel abroad. By conceding that this Court might have done these things, this Court cannot categorically deny that Gandy is entitled to no relief. 28 U.S.C. § 2255.

Reply to United States' Response to                                Page 1
Motion to Vacate, Set Aside, or Correct Sentence
Under 28 U.S.C. § 2255

## AFFIDAVITS

In this proceeding, the Government failed to submit an affidavit or a declaration from Gandy's former attorneys, Dan Cogdell and Emmett Flood. A party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party. *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003).

## UNCONTESTED FACTS

The Government does not contest the following facts: the "plea offer itself informed Gandy of his potential sentence." *Gov't Response* at 16 (ECF 247 at 16). According to the offer, Gandy would have to agree that "he [] cannot have the imposition or execution of the sentence suspended, nor is he [] eligible for parole." *Gov't Response* at 16 (ECF 247 at 16).

The Government admits that Attorneys Cogdell and Flood informed Gandy that "there was no parole and [he] would serve [his] entire term of supervised release." *Gov't Response* at 17 (ECF 247 at 17). Attorneys Cogdell and Flood further informed Gandy that "would

Reply to United States' Response to  Page 2
Motion to Vacate, Set Aside, or Correct Sentence
Under 28 U.S.C. § 2255

not be able to leave the US while on supervised release." *Gov't Response* at 17 (ECF 247 at 17).

# ARGUMENT

I. **Attorneys Dan Cogdell and Attorney Samuel Flood were ineffective for failing to explain to Gandy that he was eligible to apply for early termination of supervised release after completing one year of supervision, and that the Court could permit travel abroad**

Incredibly, the Government argues that Attorneys Cogdell and Flood "correctly explained [Gandy's] potential sentence." Gov't Response at 17 (ECF 247 at 17). "There was no parole and [Gandy] would serve [his] entire term of supervised release." *Gov't Response* at 17 (ECF 247 at 17). Moreover, Gandy "would not be able to leave the US while on supervised release." *Gov't Response* at 17 (ECF 247 at 17).

The files and records of the case conclusively show that, like Attorneys Cogdell and Flood, the Government is incorrect. A district court may:

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation., if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Reply to United States' Response to                                                                 Page 3
Motion to Vacate, Set Aside, or Correct Sentence
Under 28 U.S.C. § 2255

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation.

18 U.S.C. § 3583(3)(1)-(2).

Gandy's declaration is not conclusory, and the prejudice inquiry must focus on his decision to accept the plea agreement or go to trial. *Lee v. United States*, 137 S.Ct. 1958, 196-67 (2017). Gandy has submitted an unrefuted declaration that: had he known that the district court could terminate a term of supervised release after the expiration of one year or modify the conditions of supervised release so that he could travel outside the United States, he would have accepted the Fed. R. Crim. P. 11(c)(1)(C) written plea agreement and plead guilty. *Gandy Declaration* ¶ 16 (ECF 248 at 7 ¶ 16).

## COURT'S DISCRETION

The Government asserts that "the district court would have to exercise its discretion and decide to modify or terminate Gandy's supervised release term after considering the factors under [18 U.S.C.] § 3553." *Gov't Response* at 20 (ECF 247 at 19). "[I]t is unlikely that the

**Reply to United States' Response to**     Page 4
**Motion to Vacate, Set Aside, or Correct Sentence**
**Under 28 U.S.C. § 2255**

district court would ... allow [Gandy] to travel abroad." *Gov't Response* at 20 (ECF 247 at 20).

By acknowledging that the Court retained discretion to early terminate supervised release or permit Gandy to travel abroad—the Government effectively concedes that the advice Gandy received from his attorneys was incorrect. Whether or not the Court—at some point in the future based on unknown facts—would in fact early terminate Gandy's supervised release or permit international travel is not what is at issue here. Indeed, resolution of that question is not even ripe for Article III purposes. The issue here is whether Gandy would have accepted the Government's plea offer had he been properly advised by his attorneys. The unrefuted evidence in the record shows a reasonable probability Gandy would have plead guilty but for counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 59 (1986).

As the Supreme Court recently pointed out, the Government forgets that "categorical rules are ill suited to an inquiry that demands a case-by-case examination of the totality of the evidence. *Lee v. United States*, 137 S.Ct. 1958, 1966 (2017). More fundamentally, it overlooks that the *Hill v. Lockhart* inquiry focuses on a defendant's decision

**Reply to United States' Response to**      Page 5
**Motion to Vacate, Set Aside, or Correct Sentence**
**Under 28 U.S.C. § 2255**

making, which may not turn solely on the likelihood of [a favorable ruling by the district court]. *Lee*, 137 S.Ct. at 1966.

## EVIDENTIARY HEARING

Gandy requests an evidentiary hearing. A district court may forgo an evidentiary hearing in deciding a § 2255 motion "only if the motion, "the files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholmew*, 974 F.2d 39, 41 (5th Cir. 1992). When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial court's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true. *Friedman v. United States*, 588 F.2d 1010, 1014-15 (5th Cir. 1979).

## CONCLUSION

Based on the foregoing, the Court should grant Gandy § 2255 relief.

Reply to United States' Response to  
Motion to Vacate, Set Aside, or Correct Sentence  
Under 28 U.S.C. § 2255

Page 6

Respectfully submitted,

/s/Benson Weintraub
Benson Weintraub
Brandon Sample PLC
P.O. Box 250
Rutland, Vermont 05702
Phone: (802) 444-4357
Fax: (802) 779-9590
Email: federalhabeas@gmail.com
https://brandonsample.com

*Counsel for Jason Gandy*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 24th of May, 2021.

/s/Benson Weintraub