United States District Court
Southern District of Texas
**ENTERED**
June 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL ACTION NO. H-12-503 |
| JASON DANIEL GANDY | § | |

## ORDER GRANTING EVIDENTIARY HEARING

Jason Daniel Gandy, a federal prisoner, has filed, through counsel, a motion to vacate sentence under 28 U.S.C. § 2255, together with a memorandum in support. (Docket Entry Nos. 238, 244). The government has filed a response asking that the motion be denied. (Docket Entry No. 247). We deny the government's motion without prejudice for the reasons explained below.

On August 15, 2012, the government charged Gandy with one count of knowingly transporting a minor in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2423(a). (Docket Entry No. 11). In December 2013, the government presented Gandy with a proposed plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Docket Entry No. 244-1). Under this agreement, Gandy would plead guilty in exchange for a recommended sentence of 10 years in prison followed by lifetime supervised release. (*Id.* at 6). Gandy rejected this plea offer.

The government then filed a second superseding indictment, which added counts against Gandy for sexual exploitation of children, transportation of child pornography, and sex trafficking of minors. (Docket Entry No. 115). A jury convicted Gandy on all counts, and the court sentenced him to 360 months in prison followed by lifetime supervised release. (Docket Entry No. 204, at 3-4). Gandy's judgment and sentence were affirmed on direct appeal. *See United States v. Gandy*, 795 F. App'x 225 (5th Cir. 2019).

In his timely § 2255 motion, Gandy alleges that trial counsel provided ineffective assistance in relation to the government's plea offer. (Docket Entry No. 238, at 4). He alleges that trial counsel never told him that he would be eligible—after serving 1 year of supervised release—to apply for modification or early termination of supervised release. (*Id.*). Instead, trial counsel told Gandy that a life term of supervised release meant that he would be required to remain on supervised release for life. (*Id.*). Gandy alleges that if trial counsel had explained that he would be eligible to apply for modification or early termination of supervision, he would have accepted the government's plea offer. (Docket Entry Nos. 244, at 1; 244-2, at 5).

Gandy's motion and accompanying affidavit allege facts which, if true, would entitle Gandy to relief; therefore, an evidentiary hearing is necessary to address Gandy's claim. *See United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) ("A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." (quoting *United States v. Harrison*, 910 F.3d 824, 826–27 (5th Cir. 2018))). The government's motion to deny Gandy's motion is denied at this time.

It is ordered that an evidentiary hearing on Gandy's motion will be held on **September 9, 2021**, at **2:00 p.m.** in **Courtroom 11-B** of the Bob Casey United States Courthouse. The U.S. Attorney's Office will provide the court with a writ of habeas corpus *ad testificandum* to have Gandy transported for this hearing.

SIGNED on June 1, 2021, at Houston, Texas.

                                            Lee H. Rosenthal
                                  Chief United States District Judge