UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON DANIEL GANDY, § | |
|    *Defendant-Movant*, § | |
| § | Criminal No. 4:12-503-1 |
| v. § | (Civil No. 4:21-662) |
| § | |
| UNITED STATES OF AMERICA, § | |
|    *Plaintiff-Respondent*. § | |

**UNITED STATES' UNOPPOSED
MOTION TO SEAL SURREPLY
AND ACCOMPANYING EXHIBITS**

The United States respectfully requests that this Court seal its Surreply and accompanying exhibits in this case, filed on June 1, 2021, while allowing both parties to view.

Gandy, through his counsel Benson Weintraub, is unopposed to this motion.

**I.  Background.**

On February 2, 2021, represented by counsel, Gandy filed his motion to vacate, set aside, or correct the sentence under § 2255. Doc. 238;[1] *see* Doc. 244 (memorandum in support). Gandy's sole claim was that

---

[1] Citations to "Doc. __" refer to the numbered documents in the docket for case No. 4:12-CR-503-1; page citations are to the page numbers identified in the ECF header for the document.

his trial counsels were constitutionally ineffective for failing to inform him that his supervised release term could be modified or terminated early under 18 U.S.C. § 3583(e). Doc. 244 at 8–10. Had they done so, Gandy argues, he would have accepted the Government's plea offer from 2014. *Id.* at 10–11. On May 17, 2021, the Government filed its Response, requesting denial of Gandy's § 2255 motion. Doc. 247. On May 24, 2021, Gandy filed his Reply. Doc. 249. On June 1, 2021, the Court ordered an evidentiary hearing, and the Government filed its Surreply. Doc. 250.

## II. The Government's Surreply and accompanying exhibits should be sealed but made available to the parties.

The Government's Surreply and accompanying exhibits include information relating to Gandy's declination of a plea offer in 2014. This information is material to deciding Gandy's claim under 28 U.S.C. § 2255. It should be considered by this Court because a defendant who asserts an ineffective assistance of counsel claim necessarily waives the attorney client privilege. *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."). It should be made available to both parties because it is material to this

case.[2] At the same time, this information should be sealed from the public because it relates to Gandy's prior representation by trial counsels.

### III. Conclusion.

For the foregoing reasons, the United States respectfully requests that this Court seal its Surreply and accompanying exhibits, filed on June 1, 2021, while making them available to the parties.

    Respectfully submitted,

    JENNIFER B. LOWERY
    Acting United States Attorney

    CARMEN CASTILLO MITCHELL
    Chief, Appellate Division

    /s/ Andrew C. Sand
    ANDREW C. SAND
    Assistant United States Attorney
    California Bar No. 310645
    Attorneys for Respondent
    1000 Louisiana Street, Ste. 2300
    Houston, TX 77002
    Phone: (713) 567-9102

---

[2] Government has provided an electronic copy of its Surreply and accompanying exhibits to Gandy, through his counsel Benson Weintraub, on June 1, 2021.

## CERTIFICATE OF SERVICE

I, Andrew C. Sand, certify that on June 1, 2021, a true and correct copy of the above *United States' Motion to Seal Surreply and Accompanying Exhibits* has been filed via the CM/ECF system for the Southern District of Texas; and was served via notice of electronic filing, through this Court's CM/ECF system, upon Mr. Benson Weintraub, counsel for movant.

    /s/ Andrew C. Sand
ANDREW C. SAND
Assistant United States Attorney