United States District Court
Southern District of Texas
**ENTERED**
February 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-12-503 |
| | § | CIVIL ACTION NO. H-21-662 |
| | § | |
| | § | |
| JASON DANIEL GANDY | § | |

**ORDER DENYING MOTION TO APPOINT COUNSEL**

On December 6, 2021, the court orally denied defendant Jason Daniel Gandy's motion to vacate his judgment of conviction, filed under 28 U.S.C. § 2255.  The court filed a written opinion as well.  (Docket Entry No. 267).  Gandy, representing himself, has now filed a motion asking the court to appoint counsel to represent him for purposes of an appeal.  (Docket Entry No. 266).

Habeas corpus proceedings in federal court are civil actions for which there is no constitutional right to the assistance of counsel.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").  In some circumstances, there is a statutory right to the assistance of counsel. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also* RULES GOVERNING § 2255 PROCEEDINGS (8)(c) (2020) (requiring that counsel be appointed to an indigent defendant if an evidentiary hearing is required).  None of those circumstances exist here.

The court denied Gandy a certificate of appealability, and he has not shown that relief was denied improperly or that he has a non-frivolous issue to raise that would require the appointment

of counsel.  His motion for the appointment of counsel, (Docket Entry No. 266), is denied without prejudice.  He may refile his motion with the Fifth Circuit.

SIGNED on February 14, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge