**JASON DANIEL GANDY**
Reg. No. 73006-279
FCI Memphis
FEDERAL CORRECTIONAL INSTITUTION
P.O, BOX 34550
MEMPHIS, TN 38184

United States Courts
Southern District of Texas
FILED

APR 28 2026

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS (Houston)**

| | |
|---|---|
| **JASON DANIEL GANDY,**<br>Petitioner,<br>vs.<br>**UNITED STATES OF AMERICA,**<br>Respondent. | Case No: **4:12-cr-00503-1**<br><br>**DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)** |

## DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

### I. INTRODUCTION

Defendant, **Jason Daniel Gandy**, respectfully moves this Court for relief from the judgment denying his motion under 28 U.S.C. § 2255 pursuant to **Federal Rule of Civil Procedure 60(b)**.

This motion does **not** seek to relitigate the merits of Defendant's conviction. Instead, it challenges **fundamental defects in the integrity of the prior §2255 proceedings**, including:

- the suppression and late disclosure of critical record evidence (DE 98),

- misrepresentation and disguising the docket sheet and sealing DOCKET ENTRY 98, was a calculated manipulation and misuse of judicial power, and
- failure to adjudicate core constitutional claims. (DE 34 and sealed DE 46) and require either a successive 2255, reversal, or remand for a open suppression hearing on DE 34 and DE 46 as **Waller v. Georgia (1984) 467 U.S. 39 (1984)** requires.

These defects prevented full and fair adjudication and require reopening of the §2255 proceedings. See, Exhibits Attached herein.

## II. LEGAL STANDARD

A Rule 60(b) motion is proper where it attacks a defect in the integrity of prior habeas proceedings. See: Gonzalez v. Crosby, S.Ct.

Relief is appropriate where there is:

- mistake (60(b)(1))
- newly discovered evidence (60(b)(2))
- fraud or misconduct (60(b)(3))
- or "any other reason justifying relief" (60(b)(6))

## III. THIS IS A TRUE RULE 60(b) MOTION (NOT SUCCESSIVE)

This motion does **not** assert a new claim attacking the conviction.

Instead, it demonstrates that the prior §2255 proceeding was fundamentally defective because:

- key evidence (DE 98 transcript) was unavailable,
- the Court relied on an incomplete or inaccurate record (the Defendant's appellant counsel relied on an incomplete record due to disguising and feelings, and
- critical constitutional issues were never meaningfully adjudicated. See, DE 34 and DE 46.

Under *Gonzalez*, such a motion is **proper under Rule 60(b).**

## IV. GROUNDS FOR RELIEF

### A. Newly Discovered Evidence (Rule 60(b)(2)) — DE 98 Transcript

The transcript of **DE 98**, unsealed and transcribed in April 2025, constitutes newly discovered evidence that was **never available to Defendant or any reviewing court.**

That transcript reveals:

- the Court advised Defendant that suppression motions did not need to be pursued;
- this advice was legally incorrect and materially prejudicial;
- no appellate court or §2255 proceeding previously had access to this evidence.

Because this evidence directly impacts the validity of prior rulings, reopening is required.

### B. Judicial Misrepresentation / Mistake (Rule 60(b)(1))

The Court's statements in DE 98—and subsequent reliance on an incomplete record—constitute **mistake and misapprehension of fact and law.**

Specifically:

- the Court treated suppression issues as resolved when they were not;
- the Court later relied on an inaccurate understanding of Defendant's actions and counsel status.

This prevented proper adjudication of Defendant's claims.

### C. Fraud, Misconduct, and Suppression of Evidence (Rule 60(b)(3))

The Government's litigation posture contributed to a defective record, including:

- delayed responses to suppression motions (over four years),
- representations that evidence would not be used, while preserving impeachment use,
- failure to fully address derivative evidence ("fruits").

Additionally, critical materials—including suppression-related filings and transcripts—were sealed or unavailable, preventing meaningful review.

**D. Fundamental Defect in the Integrity of Proceedings (Rule 60(b)(6))**

This case presents extraordinary circumstances:

1. Suppression motions were never adjudicated
2. A suppression hearing was canceled as "moot"
3. Critical proceedings (DE 98) were hidden from review for four (4) years (from 2017 – 2025)
4. §2255 proceedings proceeded without a complete record

These facts show that Defendant was denied a **full and fair opportunity to litigate his constitutional claims.**

Under Rule 60(b)(6), relief is warranted where the integrity of the judicial process is compromised.

## V. PREJUDICE

These defects were not harmless.

They prevented the Court from considering:

- whether Defendant's statements were unlawfully obtained,
- whether derivative evidence should have been suppressed,
- whether counsel's performance was constitutionally deficient.

Because the §2255 proceeding was structurally flawed due to biased judge Rosenthol's sealing her misconduct DE 98, the ground for Gandy's 2255, its judgment cannot stand.

## VI. RELIEF REQUESTED

Defendant respectfully requests that this Court:

1. **Vacate the judgment** denying his §2255 motion;
2. **Reopen the §2255 proceedings**;
3. Permit full briefing and development of the record, including DE 98;
4. Conduct an evidentiary hearing if necessary (for DE 34 and DE 46).

## VII. CONCLUSION

This is not a routine request for reconsideration.

It is a case where:

- critical evidence was unavailable,
- the record was incomplete,
- the adjudicative process failed, and
- the Court can act Sua Sponte in permitting Gandy to have his Constitutional Claim ruled on the merits. DE 34 and DE 46, and 2255 Grounds.

Under **Rule 60(b)** and **Gonzalez v. Crosby**, relief is required.

## PRAYER

**WHEREFORE,** Defendant respectfully prays that this Court grant this motion and reopen the §2255 proceedings.

April 22, 2026

**JASON DANIEL GANDY**
Reg. No. 73006-279
FCI Memphis
FEDERAL CORRECTIONAL INSTITUTION
P.O, BOX 34550
MEMPHIS, TN 38184

## CERTIFICATE OF SERVICE

I, Gandy, Reg. No. 73006-279, hereby certify that I have served a true and correct copy of:

**DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101 a complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

**TEXAS SOUTHERN DISTRICT COURT - HOUSTON, TX**
**UNITED STATES COURT**
**515 RUSK STREET**
**HOUSTON, TX 77002-2600**

And deposited same in the United States Legal Mail System at the:

FCI Memphis
FEDERAL CORRECTIONAL INSTITUTION
P.O, BOX 34550
MEMPHIS, TN 38184

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated and executed on April 22, 2026.

Signature

**JASON DANIEL GANDY**
Reg. No. 73006-279
FCI Memphis
FEDERAL CORRECTIONAL INSTITUTION
P.O, BOX 34550
MEMPHIS, TN 38184

Jason Daniel Gandy
Reg. No. 73006-279
FCI Memphis
Federal Correctional Institution
PO Box 34550
Memphis, TN 38184




United States Courts
Southern District of Texas
FILED

APR 28 2026

Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
515 Rusk Street
Houston, TX 77002-2600